137 So.2d 37

**Archie BAGGETT, Administrator,**

v.

**Nell ALLEN, Administratrix et al.**

**6 Div. 672.**

Supreme Court of Alabama.

Jan. 18, 1962.

Brobston & Brobston, Bessemer, for appellant.

Mead, Norman & Fitzpatrick, Birmingham, for appellee Sellers.

**LAWSON, Justice.**

Blanard B. Kendrick and his wife, Ruth Elizabeth Kendrick, were killed on the morning of October 23, 1958, when the automobile in which they were riding collided with an automobile driven by Larry Ray Sellers at the intersection of Eastern Valley Road and Reevestown Road, which intersection is located about 4.3 miles south of the city limits of Bessemer.

Archie Baggett, as the administrator of Ruth Elizabeth Kendrick, brought suit under the so-called homicide or wrongful death statute (§ 123, Title 7, Code 1940) against Nell Allen, as administratrix of the estate of Blanard B. Kendrick and against Larry Ray Sellers.

The trial resulted in a verdict and judgment in favor of the plaintiff against the defendants in the sum of $10,000.

Defendant Larry Ray Sellers filed a motion for a new trial. That motion was granted. The plaintiff has appealed from the judgment granting the motion for a new trial.

Ground 41 of the motion for new trial asserted error on the part of the trial court in admitting in evidence over the objection of the defendant Sellers the opinion testimony of Highway Patrolman Bell that the Sellers automobile was traveling at a speed of sixty miles an hour at the time of the accident.

Officer Bell, who reached the scene approximately fifteen minutes after the collision, was permitted to express that opinion based on the physical evidence which he found on the road, the damage to both automobiles, and the distance the automobiles traveled after the impact. There were no skidmarks leading up to the point of impact.

We are of the opinion that the objection should have been sustained to the question which elicited the opinion of Officer Bell as to the speed of the Sellers automobile and that the trial court acted correctly in granting the new trial because of his failure to sustain the objection. Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902; Huguley v. State, 39 Ala. App. 104, 96 So.2d 315.

At the outset of the cross-examination of the witness Bell, he stated that he did not consider himself an expert on the judging of the speed of an automobile based on the condition in which he found the automobile after a wreck.

Following this statement, counsel for the defendant Sellers moved to exclude the opinion testimony of Officer Bell. The trial court thereupon asked Bell the following questions:

> "Mr. Bell, upon what do you base your opinion as to the speed of this fellow's [Sellers'] vehicle? * * * From what phases of your investigation do you base your opinion in other words?"

The witness Bell replied:

> "The damage that was done to the #2 vehicle or rather the #1 and the damage—it was knocked, the distance it was knocked and the scuff marks in the road."

The trial court did not thereafter rule on the defendant Sellers' motion to exclude the opinion testimony of the witness Bell.

Ground 42 of the motion for a new trial asserted error on the part of the trial court in failing to grant that motion.

We have said that a trial court in its discretion may consider error on a mo-

tion for new trial, even though proper objection or exception was not taken. Harrison v. Baker, 260 Ala. 488, 71 So.2d 284. We think the same principle would apply to a situation where the trial court failed to rule on a motion to exclude.

The answer given by the witness Bell to the question propounded by the trial court did not, in our opinion, add anything to his testimony as given on direct examination. As we have heretofore shown, the testimony showed beyond peradventure that there were no skidmarks leading up to the point of impact. The "scuff marks in the road" to which witness Bell referred in his answer to the trial court's question was but an example of the physical evidence which he found in the road at the point of impact.

We have said that the inquiry as to the competency of a witness to testify as an expert is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Johnson v. Battles, 255 Ala. 624, 52 So.2d 702. Here it seems that the trial court during the course of the trial entertained the view that Officer Bell was qualified to give expert testimony as to the speed of the Sellers automobile at the time of the accident. That view, however, was not conclusive on the trial court so as to prevent the granting of a new trial because of the court's subsequent determination that the witness was not shown to possess the qualifications of an expert.

We are clear to the conclusion that Grounds 41 and 42 necessitate an affirmance of the cause. We see no occasion to treat the other grounds of the motion for a new trial which the trial court considered to be well taken in that they deal with points which are not likely to arise on another trial of this cause. Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 91 So. 2d 828; Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586.

The judgment of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.