150 So.2d 359

**H. L. CAMPBELL, Administrator, Estate of Charles Melvin Locke, Deceased,**

v.

**Bobby BARLOW, pro ami.**

4 Div. 112.

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 28, 1963.

Lange, Simpson, Robinson & Somerville, Birmingham, and Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellant.

Tipler & Fuller, Andalusia, for appellee.

SIMPSON, Justice.

This appeal by the defendant below is from a jury's verdict and judgment thereon assessing damages against the defendant in an action for personal injuries.

Appellee's cause of action arose out of the same head-on automobile collision related in Campbell v. Davis, Ala., 150 So.2d 187.[1] The pertinent facts are set out in the report of that case. Appellee was riding in the rear seat of the car being driven by Charles M. Locke, appellant's intestate, and

1. Ante, p. 555.

was seriously injured as a result of the collision.

Appellant contends that the trial court erred in allowing a highway patrolman, who had not observed the collision, and was not on the scene at the time of the accident, to estimate the speed of both vehicles before the impact. The following occurred on direct examination, by appellee's counsel, of the partolman:

"Q Now from your experience and training and from your examination and investigation there, Mr. Gatlin, do you have a judgment as to the speed of each vehicle at the moment of impact?

"MR. ALBRITTON: We object, no sufficient predicate has been laid, and it calls for a conclusion of the witness, and it invades the province of the jury.

"THE COURT: Overruled.

"MR. ALBRITTON: We except.

"A I do have.

"Q What in your judgment was the speed, first, of the vehicle going toward Lockhart?

"A 75 to 80 miles an hour.

"Q And how fast, in your judgment, was the car going toward Wing going?

"A The same speed, 75 to 80.

"MR. ALBRITTON: Your Honor is giving us a standing objection to this line of questioning.

"THE COURT: Yes, the same objection and the same ruling relative to the blackboard."

Appellee's counsel then questioned the patrolman as to the basis for his estimation of speed and the following were factors considered: The distance of the vehicles from point of impact, damage to the vehicles, how the debris was scattered, the markings on the road after impact. Nowhere in the record of this direct examination do we find any reference to skid marks of the two vehicles before the impact of collision.

The rule on expert opinion evidence as to speed by one not an observer has been recently settled in our jurisdiction by the decision of Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167; wherein it was held that the testimony of a patrolman, not an eyewitness to a collision, as to the speed of the vehicles before the collision, based on his investigation at the scene of the wrecked vehicles and skid marks on the highway *after* point of impact, was inadmissible evidence, and the receipt of such testimony was prejudicial error. That decision is determinative of the case at bar, necessitating a reversal. In Jowers was cited another recent ruling of our Court, Baggett v. Allen, 273 Ala. 164, 137 So.2d 37, where the Court held that the trial court correctly granted a new trial because of the failure to sustain an objection to opinion testimony of a police officer, as to the speed of a vehicle based only on his observations at the scene of the wreck, where there were *no skid marks* leading up to the point of impact. We are led irresistably to the conclusion, from the absence of any skid marks or other evidence from which a reasonable opinion as to speed could be predicated, that the trial court committed prejudicial error in overruling appellant's well-grounded objection to the testimony. For other cases in accord with our holding see Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902; Huguley v. State, 39 Ala.App. 104, 96 So.2d 315; McDonald v. Amason, 39 Ala.App. 492, 104 So.2d 716.

We are fully cognizant of the cases upon which appellee relies, Johnson v. Battles, 255 Ala. 624, 52 So.2d 702; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; but in both cases there were skid marks upon which a reasonable estimate of speed might be predicated; thus, those decisions would not here be applicable.

The rationale of the rule hereinbefore applied was also announced in the Jowers case, supra, which is here apposite:

" * * * [W]e think it a matter of common knowledge that when two such moving objects collide * * * they may behave in a manner which seemingly defies all the laws of physics."

Numerous other Assignments of Error were made but we see no good reason to treat them in that they deal with points not likely to arise on another trial.

For the error pointed out, it follows that the judgment of the lower court is reversed.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

