163 So.2d 209

Archie BAGGETT, as Administrator,

v.

Nell ALLEN, as Administratrix, et al.

6 Div. 981.

Supreme Court of Alabama.

April 9, 1964.

**424**

Mead, Norman & Fitzpatrick, Birmingham, for appellee.

HARWOOD, Justice.

In the court below Archie Baggett, as Administrator of the estate of Ruth Elizabeth Kendrick, sued Nell Allen, as Administratrix of the estate of Blanard B. Kendrick, and Larry Ray Sellers, jointly. The suit arose from the death of Ruth Elizabeth Kendrick in an automobile accident.

The jury returned a joint verdict in favor of the plaintiff, and assessed damages at $10,000. Judgment was entered against the defendants pursuant to the verdict.

Thereafter the defendant Larry Ray Sellers filed a motion for a new trial which was granted. The plaintiff perfected an appeal from this order. However, this court entered an affirmance of the order. Baggett v. Sellers, 273 Ala. 164, 137 So.2d 37, 93 A.L.R.2d 283.

Brobston & Brobston and Thos. H. Jackson, Bessemer, Richard L. Jones, Birmingham, for appellant.

No action was taken by Sellers' co-defendant, and neither court has entered orders pertaining to the judgment as it affects the co-defendant. As to the co-defendant the judgment has remained in force since its rendition on 11 May 1960.

After the affirmance of the order granting Sellers' motion for a new trial, the plaintiff in the original trial sought to amend his complaint by striking Sellers' co-defendant and stating a cause of action against Sellers only. However, the next day the court permitted this motion to amend to be withdrawn.

At a settlement of the pleadings preparatory to another trial the defendant Sellers entered a motion for a discontinuance of the action as to him. The basis of this motion was that the plaintiff already had a final judgment for $10,000 against Sellers' co-defendant, and to allow the plaintiff to proceed to another trial would permit the plaintiff to obtain a second and separate judgment against Sellers in the same cause of action in which the plaintiff already had an outstanding and unsatisfied judgment against the co-defendant; and further that the plaintiff had elected to split his cause of action by pursuing the judgment against the co-defendant and had thus discontinued the cause of action as to Sellers.

After hearing and argument the court granted the motion for a discontinuance and rendered a judgment for Sellers.

■■ The rule in this State is that liability of joint tort-feasors is joint and several, and suits against them may be prosecuted separately or jointly. However, recovery against one, followed by satisfaction of the judgment, is a defense to the other, except as to costs, upon the theory that the right of action is one and indivisible, and *satisfaction* of the demand extinguished it. Griffin v. Bozeman, 234 Ala. 136, 173 So. 857; Steenhuis v. Holland, 217 Ala. 105, 115 So. 2. Where the suits against joint tort-feasors are separate and several, nothing short of full satisfaction can make a judgment in one of the suits a bar in the other. Huey v. Dykes, 203 Ala. 231, 82 So. 481.

In the present case, while counsel for the defendant Sellers asserts in brief that the plaintiff has "pursued" his judgment against the co-defendant, counsel deduces this from the failure of the plaintiff to move the court to set aside the judgment against the co-defendant when the court granted Sellers' motion for a new trial. No duty or burden was upon the plaintiff to so act, and this omission to act does not amount to a "pursuit" of the judgment against the co-defendant.

In Parks v. City of New York et al., 111 App.Div. 836, 98 N.Y.S. 94, the court was confronted with a similar question to the one now being considered. In holding that the plaintiff could maintain his action against the joint defendant who had successfully had the joint judgment reversed as to itself, the court wrote:

> "The fact that that judgment was reversed as to the city and a new trial ordered did not, because the plaintiff saw fit to reduce the judgment as to Miller & Holme instead of taking a new trial, destroy his cause of action against the city. He could still retain the judgment against Miller & Holme, and continue the action, as he did, against the city. A satisfaction of either judgment, however, would be a satisfaction of both."

In an earlier case, Hurley v. New York and Brooklyn Brewing Company, 13 App. Div. 167, 43 N.Y.S. 259, the New York court had also written:

> "But the recovery of a judgment against one of two joint wrongdoers, is, until paid or satisfied, no bar to the prosecution of an action for the same cause against the other one of them; and the situation in that respect and for such purposes is rendered no different by the fact that they are joined in the same action, when they have become severed for the purposes of the trial, or when questions arise upon the trial for

review as to one of them only. Then the legal controversy may proceed as to the one defendant, although, as between the plaintiff and the other defendant, final judgment has been entered."

Opinions relating to the question now before us are not too numerous. Perhaps the best exposition of the answer is to be found in Dawson v. Schloss, 93 Cal. 194, 29 P. 31, wherein the California court wrote:

"It is contended by counsel for appellant that no judgment should have been rendered against Schloss on the new trial so long as the original judgment of $5,000 existed against Hinkle; that "while separate suits may be brought against each of joint tort-feasors, yet it is well settled that if the defendants are sued jointly, as here, there can be but one verdict and judgment.' Such is not the prevailing rule in the United States. Says Judge Cooley at page 159 of his book on Torts, (2d Ed.:) 'The rule laid down by that eminent jurist, KENT, in Livingston v. Bishop, 1 Johns. 290, and which has since been generally followed in this country, in that the party injured may bring separate suits against the wrong-doers, and proceed to judgment in each, and that no bar arises to any of them until satisfaction is received.' See cases cited in note. The same author, on page 160, says: 'It is to be observed, in respect to the point above considered, where the bar accrues in favor of some of the wrong-doers by reason of what has been received from or done in respect to one or more others, that *the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent.'*" (Emphasis ours.)

It must be remembered that the plaintiff had sued the two tort-feasors jointly, and had recovered a joint judgment against them. It was the defendant Sellers who moved for and obtained the order granting him a new trial.

The rule against splitting a cause of action is primarily for the benefit of a defendant to prevent vexatious suits, and he may waive it. See Freeman on Judgments, Sec. 560.

By the procedure he has instituted the defendant Sellers has, in effect, changed what was a joint action into a separate and several action insofar as he is concerned.

In Ewart v. Cunningham, 219 Ala. 399, 122 So. 359, this court observed:

"The discontinuance of the action as against the partnership was brought about not by law nor by the act of the opposing party, but upon motion of defendant, Ewart. He cannot claim a discontinuance for himself because of complete change of parties defendant at his own instance. He will be held to have waived such objection."

The same principle we think necessitates the conclusion that the defendant, by his own actions, waived the very point he sought to raise in his motion for a discontinuance, and that therefore the lower court erred in granting the motion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.