210 So.2d 796

**Archie BAGGETT, Admr.**

v.

**Larry Ray SELLERS.**

**6 Div. 224.**

Supreme Court of Alabama.

May 23, 1968.

Brobston & Brobston and Thos. H. Jackson, Bessemer, Prince, Jones, Fowler & Propst, Birmingham, for appellant.

Mead, Norman & Fitzpatrick, Birmingham, for appellee.

**236**

PER CURIAM.

Judgment for defendant on jury verdict in a suit by plaintiff (appellant) in the Circuit Court of Jefferson County, Bessemer Division, to recover damages, Title 7, Section 123, Code 1940, Recompiled in 1958, for the death of his intestate who was killed in a collision at an intersection between an automobile in which intestate and her husband were riding and one driven by defendant, Larry Ray Sellers, who is appellee. Plaintiff appeals. See prior appeals to this Court to review appeals growing out of the same collision. Baggett v. Allen, 273 Ala. 164, 137 So.2d 37, 93 A.L.R.2d 283; 276 Ala. 423, 163 So.2d 209. The husband of appellant's intestate was also killed.

While this third trial was pending, plaintiff struck as party defendant, Nell Allen, Administratrix of the estate of Blanard B. Kendrick, the deceased husband, and the trial proceeded against Larry Ray Sellers, the driver of the other automobile.

Appellant complains by appropriate assignment of error, here argued, that the trial court erred in giving written charge 20, requested by defendant, Larry Ray Sellers, as follows:

"I charge you that if you are reasonably satisfied from the evidence that someone other than this defendant was at fault in causing the accident, and if you are further reasonably satisfied from the evidence that the plaintiff's intestate death was proximately caused as a result of the fault of such other person, then you cannot find your verdict for the plaintiff and against the defendant."

Appellant contends that the giving of this charge 20, under the facts in the case, was grossly improper and amounted, in fact, to giving the general affirmative charge for defendant, Larry Ray Sellers.

This case was originally tried, according to appellant, as a joint action against the driver of one automobile involved in the collision, Larry Ray Sellers, and the administratrix of the estate of Blanard B. Kendrick, who was alleged to have been the driver of the automobile in which plaintiff's intestate, Mrs. Kendrick, was riding when the collision occurred. As we have already stated, the plaintiff at the last trial struck Nell Allen, Administratrix of Blanard B. Kendrick's estate, as party defendant.

In Aplin v. Dean, 231 Ala. 320, 164 So. 737(8), we observed that it seems to be settled in this jurisdiction that if one is guilty of negligence and this negligence concurs or coalesces with the negligence of another, and the two combine to produce a given result, each is liable for the damage, and the negligence of each will be deemed to be the proximate cause of the injury producing the damages (citing cases).

The trial court in the *Dean* case, supra, refused defendant's written charge 7, as follows:

"The court charges the jury that if the negligence of the driver of the truck in which the plaintiff was riding was the proximate cause of plaintiff's damage as alleged in the complaint, then the defendant would not be liable."

This court held that the refusal of charge 7, supra, was not error because, under the evidence, it was open to the jury to find

that the negligence of the defendant and of the driver of the car in which plaintiff was riding if, in fact, the defendant was guilty of any negligence, combined and coalesced at the moment of time when the injury occurred, and this conjoint negligence, continuously operative, proximately caused plaintiff's injury.

As we observe the evidence, there were only three persons who could have been at fault in proximately causing the death of plaintiff's intestate. These were the deceased wife and her husband, Blanard B. Kendrick, and Larry Ray Sellers. They were the only occupants of the colliding automobiles.

This charge 20, supra, had the effect of charging the jury that if they were reasonably satisfied from the evidence that either Mr. or Mrs. Kendrick was at fault in causing the death of Mrs. Kendrick, and that such death was proximately caused as a result of the fault of either of these persons, then the jury could not find for the plaintiff against defendant.

■ The charge entirely ignores the alleged fault of defendant, and excuses him from liability even though he was at fault at the time along with Mr. Kendrick, the deceased husband. It appears to us that the charge was an incorrect statement of the law.

We have examined the case of Western Railway of Alabama v. Sistrunk, 85 Ala. 352, 5 So. 79(5), wherein this Court observed:

"If the defendant's wrongful act is one of two or more concurring efficient causes, *other than* the plaintiff's fault, which cooperate directly to produce the injury, this, under the authorities, is all that is requisite to fasten a liability on him. * * *" (Emphasis supplied.)

The words "other than," as used in the preceding paragraph, tie out the plaintiff's fault as being one of the two concurring efficient causes which would fasten liability.

We fail to see the relevancy of this observation of the court to the correctness of the charge (20) here under attack. The context of the words "other than" as employed in the court's observation aforequoted is quite different from the context of such words "other than" in charge 20. A different meaning results.

We now advert to Chambers v. Cox, 222 Ala. 1, 130 So. 416(3), wherein the court recognized the following pronouncement:

"* * * 'As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, *other than* plaintiff's fault, is the proximate cause of the injury.'" (Emphasis supplied.)

Again we find the words "other than" are used to tie out the plaintiff's fault as one of the efficient causes that fastens liability. The court recognized the principle of concurring negligence with the defendant, but excluded the concurring negligence of the plaintiff. The context of the words "other than" carries a different meaning from such context in charge 20.

We have considered the charge in Alabama Power Company v. McIntosh, 219 Ala. 546, 122 So. 677, reading as follows:

"The Court charges the Jury that if the Jury are reasonably satisfied from the evidence that the death of plaintiff's minor child was proximately caused by negligence of the defendant as charged in the complaint then the plaintiff would be entitled to recover, and if the Jury are so reasonably satisfied, then it would be no defense to such recovery that the plaintiff's minor child's employer Thomas or some of his agents, servants, or employees *other than* plaintiff's minor child were also guilty of negligence, but for which the accident would not have happened, but such negligence of said Thomas or his agents, servants or em-

ployees other than plaintiff's minor child would be wholly immaterial to any issue in this case." (Emphasis supplied.)

Here, the charge points out the liability of the defendant under certain conditions and admonishes the jury that it would be no defense if certain other persons "other than plaintiff's minor child" were also guilty of negligence but for which the accident would not have happened; further, that the negligence of such other persons "other than plaintiff's minor child" would be wholly immaterial to any issue in the case. The use of the words "other than" merely excludes the minor child from the other persons whose negligence would be immaterial to any issue in the case. This charge in its use of the words "other than" conveys a different meaning from charge 20; supra. We do not see any parallel between the two charges.

As stated by this Court, the aforequoted charge "taken as a whole" negatives negligence as a defense on the part of any "other than plaintiff's minor child." This implies his negligence would be a defense.

It occurs to us that charge 20, supra, if given a commonsense construction that a jury of laymen would put on it, simply instructs the jury if someone else other than defendant was at fault in causing the accident, and that the intestate death was proximately caused as a result of such fault of someone else, then they could not award a verdict for plaintiff and against defendant. We do not think this Court should put a strained construction on the charge so as to convert it into an ambiguous charge which would invite an explanatory charge on the part of plaintiff. This charge omits the fault of the defendant and excuses him from any liability if someone else was at fault in such a manner as to proximately cause the death of the intestate. We think the charge was erroneous and puts an unnecessary burden on the jury to cast about in the rhetoric for an implication of fault on the part of the defendant in conjunc-

tion with fault on the part of some other person. We prefer to say that the jury in reading the charge was impressed that if someone else was at fault, their verdict would be for the defendant irrespective of the fault of the defendant.

■ The trial court did not err in allowing the defendant to testify as to the color of the traffic light at the intersection. We pretermit considering the admissibility of the testimony on the theory that it was an observation open and apparent to the public, and not a transaction within the purview of Title 7, Section 433, Code 1940. See Southern Natural Gas Company v. Davidson, 225 Ala. 171, 142 So. 63(4); Borum v. Bell, 132 Ala. 85, 31 So. 454.

The estate of decedent, plaintiff's intestate, is not interested in the result of the suit. The statute, Title 7, Sec. 123, says:

" * * * the damages recovered are not subject to the payment of debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. * * *."

Section 433, Title 7, supra, disqualifies the defendant from testifying when the deceased person's *estate* is interested in the result of the suit. See Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So.2d 21; Stephens v. Williams, 226 Ala. 534, 147 So. 608(5).

■ Without deciding whether written charge 11 requested by plaintiff, the subject of a motion for a new trial at the instance of appellant, was a correct statement of law, we hold that it was abstract; it makes no application of the law to the issues in the case. The refusal by the court to give the charge does not constitute error. Smith v. Lilley, 252 Ala. 425, 41 So.2d 175(6); Moore v. Cooke, 264 Ala. 97, 84 So.2d 748 (8).

For error in giving written charge 20, supra, at the instance of defendant, the judgment of the trial court is reversed and remanded.

2

9

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, COLEMAN and KOHN, JJ., concur.