221 So.2d 681

**Elizabeth L. COGGINS**

v.

**Ann FULLER.**

**3 Div. 238.**

Supreme Court of Alabama.

April 3, 1969.

Thos. F. Parker, Montgomery, for appellant.

---

1. 283 Ala. 72.

Jones, Murray, Stewart & Varner, Montgomery, for appellee.

PER CURIAM.

This suit was brought by Ann Fuller against Elizabeth L. Coggins for personal injuries sustained while she was a passenger in a car driven by Miss Sarah Elizabeth McDuffie. The accident occurred at an intersection in the City of Montgomery, Alabama, at about 10:30 p. m. The trial of the case resulted in a verdict and judgment for the defendant. Plaintiff filed a motion for a new trial which was granted by the court. This appeal is from that order. The motion for a new trial was limited to the giving of several written instructions on behalf of the defendant (appellant) as follows:

"9. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence that Sara(h) McDuffie violated the provisions of Title 36, Section 15, Code of Alabama, on the occasion complained of, and if you are further reasonably satisfied from the evidence that such violation on the part of Sara(h) McDuffie was the proximate cause of the injuries to the plaintiff, then you cannot return a verdict against Elizabeth L. Coggins under Count I of the complaint.

"Given, Carter, Judge

"10. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence that Sara(h) McDuffie failed to drive in a reasonable and safe manner on the occasion complained of, and if you are further reasonably satisfied from the evidence that such failure to drive in a reasonable and safe manner was the proximate cause of the injuries to Ann Fuller, then you cannot return a verdict against Elizabeth L. Coggins under Count I of the complaint.

"Given, Carter, Judge

"11. I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence that Sara(h) McDuffie failed to give reasonable and prudent attention for the lookout of vehicles to her front on the occasion complained of, and if you are further reasonably satisfied from the evidence that her failure to keep such reasonable and prudent lookout was the proximate cause of the injuries to Ann Fuller, then you cannot return a verdict against Elizabeth L. Coggins under Count I of the complaint.

"Given, Carter, Judge

The complaint consisted of two counts; one being based on simple negligence and the other on wanton misconduct. The defendant filed a plea of the general issue, in short by consent. The case was submitted to the jury on Count I only.

The sole assignment of error relates to the ruling of the trial court in granting the motion for a new trial.

Although the parties do not agree on the statement of facts submitted in briefs, a detailed account of the evidence is not here required. The plaintiff was riding on the front seat as a passenger in the vehicle driven by Miss McDuffie. A second passenger was seated on the front seat between the plaintiff and the driver. A second car, driven by defendant, going (West) in the same direction had preceded the vehicle occupied by the plaintiff and had stopped in the intersection in order to make a left turn. The vehicle in which the plaintiff was riding crashed into the rear of the defendant's car. If a turn signal was given, and how long this vehicle had been standing (stopped) was in dispute. There was testimony introduced which required the submission of the case to the jury under Count I. There was also testimony that would have permitted a finding that the accident and resulting injuries were caused by the concurring negligence of both drivers.

Appellant takes position that the three charges in question correctly stated the law, but that if there was any tendency to confuse or mislead the jury, the remedy was to request an explanatory charge. Appellant further contends that the trial judge in his oral charge to the jury repeatedly instructed the jury that a verdict should be returned against the appellant if the appellant was guilty of any concurring or contributing negligence. In addition, appellant invokes Supreme Court Rule 45 and avers that there appears in the transcript no evidence to show that any substantial rights of the appellee were injuriously affected.

Appellee contends that the charges did not correctly state the law of Alabama, in that all charges totally disregarded the possibility of concurring negligence, citing Aplin v. Dean, 231 Ala. 320, 164 So. 737. There, the court held that a charge similarly worded was properly refused. In a supplementary brief the court's attention is invited to a recent decision decided after the submission of this case; namely, Baggett v. Sellers, 282 Ala. 235, 210 So.2d 796. The court held in this case that a charge of this nature "entirely ignores the alleged fault of defendant, and excuses him from liability even though he was at fault at the time * * *." There the court held the charge to be an incorrect statement of the law, and that there was no requirement for opposing counsel to request explanatory charges. The court concluded that the giving of the written charge number twenty was reversible error.

Appellant in reply to the supplemental brief, renews the contention that the charge being " ' * * * ambiguous or misleading; proper explanatory instructions should be given at the request of the party supposing himself prejudiced thereby. (Citations Omitted)' " Appellant here cites a recent case on rehearing from this court. Swindall v. Speigner, 283 Ala. 84, 214 So. 2d 436. We note, however, that in the opinion on rehearing in this case the court reconsidered its earlier ruling on assignment of error number two holding that charge one was reversible error. The revised opinion concluded that the charge was "incomplete and misleading for omission of proper mention of proximate cause." This holding in no way conflicts with the decision in Baggett v. Sellers, supra.

In our opinion the oral charge did not and could not cure the error of given charges 9, 10, and 11. We feel that the experienced and learned trial court, in reviewing the testimony along with the oral charge, indicates its concurrence to this effect by promptly granting the motion for a new trial. "* * * By granting the new trial, the misleading and injurious tendencies of the charge were thus declared * * *." Montgomery City Lines v. Scott, 248 Ala. 27, 31, 26 So.2d 200, 202.

The trial court correctly granted the motion for a new trial.

The foregoing opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

SIMPSON, MERRILL, COLEMAN and BLOODWORTH, JJ., concur.