Tipler, Fuller & Melton, Andalusia, for appellant.

239 So.2d 192

**Jeanell HOLUSKA**

**v.**

**Michael Lee MOORE.**

**4 Div. 398.**

Supreme Court of Alabama.

Sept. 3, 1970.

Powell & Sikes, Andalusia, for appellee.

BLOODWORTH, Justice.

In this case plaintiff appeals from a judgment for defendant and from judgment overruling her motion for new trial.

Plaintiff brought suit for damages for personal injuries which she allegedly sustained as a result of an intersectional collision in the City of Opp between her automobile and that of defendant. The case was submitted to a jury on a count in simple negligence. The jury returned a verdict for the defendant. Judgment was rendered accordingly. Plaintiff's motion for new trial was overruled. Hence this appeal.

Plaintiff contends the trial court committed reversible error in: overruling her objection to a question put to the investigating officer respecting his opinion as to the speed of defendant's car; sustaining defendant's objections to her questions put to the officer on cross-examination as to whether defendant had forfeited the right of way; and, finally in giving for defendant a certain written charge concerning the duties of a driver when stopping at a stop sign.

We have concluded that the trial court erred in overruling plaintiff's objection and that the case must be reversed and remanded for a new trial.

The error complained of arose in the following factual context during the examination and cross-examination of police officer Robert Thompson.

"Q. Could you tell *from the debris and marks there on the pavement where the point of impact was?*

"A. Yes, sir, it happened right in the center of the intersection.

"Q. From the point of that impact to the point that the cars came to rest—well, to start with, Mrs. Haluska's car, approximately how far had that car been moved after the impact, in your best judgment?

"A. I believe it was thirteen feet. We measured it off with a measuring tape.

"Q. And approximately how far had Mr. Moore's automobile been moved after the point of impact?

"A. It was nine feet.

\*     \*     \*     \*     \*     \*

"Q. All right. From the physical facts and the marking there which occurred *before* the impact occurred, did you form an opinion as to the speed of the Moore vehicle?

"A. Yes.

"MR. MELTON: Judge, Now I object to it.

"THE COURT: Overrule.

"MR. MELTON: He has asked this man if he measured the distance the car traveled after the impact.

"MR. POWELL: I haven't asked him anything of the kind.

"MR. MELTON: Yes, you did. He didn't ask him if he measured for any skid marks.

"THE COURT: All right. You can bring all of that out on cross examination. Overrule.

"Q. In your opinion then that you formed, Officer, what would you estimate the speed of Mr. Moore's vehicle was traveling before the impact?

"A. Between twenty-five and thirty miles.

\*     \*     \*     \*     \*     \*

"Q. *S*hat I'm getting at, when Mr. Powell asked you if you formed an opinion as to the speed of the defendant's car, you said you had formed an opinion. Now tell me and the jury how you formed this opinion?

"A. You mean how fast he was driving?

"Q. Yeah. *How did you form that opinion?*

"A. *Well, no further than the cars* traveled after the impact. I seen *those skid marks out there then when they collided and traveled nine and thirteen feet.*

"Q. In other words, your testimony is that if a car hits another car and it knocks it thirteen feet. that it wasn't going any faster than 25 miles an hour?

"A. That's right, sir."

[Emphasis supplied]

 It is well settled in our jurisdiction that an expert, who did not observe a collision, may express his opinion as to the speed of an automobile—predicated on the length of skid marks made by it before the impact. Rosen v. Lawson, 281 Ala. 351, 355, 202 So.2d 716 (1967); Johnson v. Battles, 255 Ala. 624, 52. So.2d 702 (1951); Jackson v. Vaughn, 204 Ala. 543, 86 So. 469 (1920).

. It is equally well settled that such testimony is not admissible when based on skid marks which were made at the time of impact or thereafter. Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167 (1962), and authorities there cited; Baggett v. Allen, 273 Ala. 164, 137 So.2d 37, 93 A.L.R.2d 283 (1962); Campbell v. Barlow, 274 Ala. 627, 150 So.2d 359 (1962).

 We can but conclude from the quoted testimony that officer Anderson's opinion as to the speed of defendant's motor vehicle was based on the distance the cars traveled after the impact. This point

of impact he determined from "the debris and marks on the pavement." The record is devoid of evidence of any skid marks leading up to the point of impact. Thus, the hypothetical question posed which assumed "markings there which occurred *before* the impact occurred" simply assumed a fact which was not in evidence.

We are of the view that upon the authority of the cases of Jowers v. Dauphin, supra; Baggett v. Allen, supra; and Campbell v. Barlow, supra, and principles there enunciated, this case must be reversed and remanded on account of the erroneous admission of this testimony.

It does not appear to us that there is any need to consider the other assignments of error in that they deal with points which we trust will not likely arise on another trial of this cause.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.