JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Baldwin County returned an indictment for murder in the second degree against the appellant, Norman Williams; he entered a plea of not guilty, was found guilty as charged, and duly sentenced to ten (10) years in the state penitentiary.
The appellant was at all proceedings in the trial court represented by court-appointed counsel, and is represented in this Court by the same counsel. This appeal was submitted to this Court on briefs.
State’s witness, a police officer, testified, in substance, as follows: That on September 9, 1979 he investigated a collision that appellant was involved in between appellant’s automobile, a 1974 Oldsmobile, and a 1977 Pontiac automobile the deceased was in. The collision occurred about 2:49 A.M. at the intersection of County Road Number 64, and Alabama Highway 42, or U.S. Highway 98, a four-lane highway, in the city limits of the City of Daphne, in Baldwin County. That at this intersection there was a traffic control signal light set to operate at intervals of 30 to 60 seconds to regulate traffic going east and west, and north and south. The traffic control light is commonly called a red light. The red light was working immediately after the collision. The point of impact of the automobiles was in the extreme center of the intersection, about 10 or 12 feet from the red light. That the automobiles came to rest 162 feet from the point of impact. That the appellant’s automobile, the 1974 Oldsmobile, was north of and facing into the side of the 1977 Pontiac, the automobile the deceased was in. When the police officer arrived at the scene of the collision, the defendant was sitting up, pinned between the steering wheel and the seat of the 1974 Oldsmobile.
The police officer did not testify as to any skid marks, or as to the direction the automobiles were traveling. He identified that state’s exhibits number 1 was the automobile the deceased was in, a 1977 Pontiac, exhibit 2 was a picture of the deceased’s body on the right front seat of the 1977 Pontiac, exhibit 3 was a picture of appellant seated in his automobile, a 1974 Oldsmobile. He was pinned between the steering wheel and the front seat. At the time witness arrived at the scene, the deceased was dead. We quote from the record:
“Q Were you able, from your investigation, or did you, from your investigation, form an opinion as to the speed of this automobile?
“MR. BOLTON:
Your Honor, I object to this question. The proper predicate has not been laid for this witness to answer that question. “BY MR. HENDRIX:
“Q Let me ask you this. How long have you been a police officer?
“A Six years, four months and some few odd days.
“Q Do you remember the time that you have been a police officer? Has it been a part of your duty to investigate automobile accidents?
“A It has.
“Q And have you investigated automobile accidents as part of that duty?
“A Yes, I have.
“Q Did you go to school?
“A Yes, sir, I did.
“Q And did you cover materials such as this in school that you went to?
“A Yes, sir.
“Q Did you graduate from that school?
“A Yes, sir.
“Q Are you a certified police officer?
“A Yes, sir.
“Q And did you. engage there in that activity daily?
“A Yes, sir.
*141 “Q And as a result of that activity, are you able to determine — are you able to form opinions as to the speed of vehicles involved in accidents?
“A Yes, sir.
“Q Did you, as a result of your investigation, based on your former knowledge and experience, form an opinion as to the speed of this automobile on that night? “A Yes, sir, I did.
“MR. BOLTON:
Your Honor, let me make an objection. I object to him answering the question because of the mental operation that it calls for of the witness which the witness is not qualified to answer.
“THE COURT:
Overrule the objection.
“BY MR. HENDRIX:
“Q Go ahead, Glenn.
“A Yes, sir, I did form an opinion.
“Q And what, in your opinion, was the approximate speed of this vehicle?
“MR. BOLTON:
Your Honor, I object to this questioning on the same grounds.
“THE COURT:
Overrule the objection.
“BY MR. HENDRIX:
“Q Go ahead.
“A Between eighty and a hundred miles per hour.
“Q Where had you been just prior to this accident?
“A Standing by my vehicle, ready to enter it in front of the police station.
“Q How far is the police station from where this accident happened?
“A It would be two and a half blocks from the police station, where I was standing, from the scene.
“Q While you were standing there, did you hear anything that got your attention?
“A Yes, sir, I did.
“Q What?
“A I heard a very shrill noise, wind breaking. It resembled the sound of an auto at a high rate of speed and a horn blowing continuously with intermediate sounds. And I heard what sounded like an explosion.
“Q Did it come from the direction where the accident occurred, where the wreck happened?
“A Yes, sir, it did.
“Q And did you go immediately to the scene there ?
“A Yes, sir, I did.
“Q And that’s what you described, here, today, that’s what you found when you got there?
“A Yes, sir, that’s true.
“MR. HENDRIX:
That’s all.”
The appellant states, in his brief, four grounds of prejudicial error made by the trial court.
In view of our conclusion that there is one prejudicial error which requires a reversal of this cause, we see no good purpose in discussing the other errors complained of in appellant’s brief.
There was no proof of any skid marks of any kind either before or after the collision. No sufficient factual predicate was laid upon which to base a conclusion with reference to the speed of the automobile. The witness did not see the accident, and perhaps based his opinion as to the speed of the automobile on the fact that they came to rest 162 feet from the point of impact.
We hold that under the facts in this ease the trial court committed reversible error when it overruled appellant’s objection on the grounds that the witness was not properly qualified to answer the question. Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167; Glaze v. Tennyson, Ala., 352 So.2d 1335; McWhorter v. Clark, Ala., 342 So.2d 903; Maslankowski v. Bean, 288 Ala. 254, 259 So.2d 804; Holuska v. Moore, 286 Ala. 268, 239 So.2d 192; Hugley v. State, 39 Ala.App. 104, 96 So.2d 315.
For the error pointed out, the judgment of the trial court should be, and is hereby, reversed, and this cause is remanded for a new trial.
*142 The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a Retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.