THOMPSON, Presiding Judge.
This is the second time the parties have come before this court on the issue of compensation for Elizabeth McElroy for her service as personal representative of the estate of Ron’Drequez Cortez White in a wrongful-death action arising out of a motor-vehicle accident in which White was killed. The wrongful-death action resulted in a recovery for White’s next of kin: his mother, Sandey Greene, and his father, Samuel Rodgers. The issue of McElroy’s fee was litigated, after which the Jefferson *816 Circuit Court (“the trial court”) awarded her a fee to be paid from the proceeds of the wrongful-death action for “extraordinary services” rendered as personal representative of the estate, pursuant to § 43-2-848(b), Ala.Code 1975. Rodgers appealed the judgment awarding McElroy a fee; this court affirmed the judgment. Rodgers v. McElroy, 141 So.3d 1030 (Ala.Civ.App.2012)(“Rodgers I ’’).[1]
Subsequently, our supreme court granted Rodgers’s petition for the writ of certio-rari “to determine the narrow question whether a personal representative may be compensated out of the proceeds recovered in a wrongful-death action.” Ex parte Rodgers, 141 So.3d 1038, 1040 (Ala.2013). Our supreme court reversed this court’s judgment, holding that
“ § 43-2-848(b) does not entitle McEl-roy, the personal representative, to any fee from the wrongful-death proceeds because the recovery in the wrongful-death action was not for the estate. Alabama law mandates the payment of wrongful-death proceeds to the heirs of the deceased. The clear language of the wrongful-death statute provides that proceeds from a wrongful-death action ‘are not subject to the payment of the debts or liabilities’ of the decedent. § 6-5-410(c), Ala.Code 1975. There is no allowance in the wrongful-death statute for payment of expenses of the administration of the decedent’s estate, which would include personal-representative compensation. See § 43-2-371, Ala. Code 1975 (setting out the order of preference of debts against the estate). Under the combined effect of §§ 6-5-410 and 43-2-848(a) and (b), Ala.Code 1975, McElroy was not entitled to be paid from the proceeds of the wrongful-death recovery either reasonable compensation for her services or extraordinary compensation for her services.”
(Footnote omitted.) Accordingly, on remand from the supreme court, this court reversed the judgment of the trial court and remanded the cause to the trial court for further proceedings consistent with our supreme court’s opinion. Rodgers v. McElroy, 141 So.3d 1046 (Ala.Civ.App. 2013).
On remand, the trial court held a hearing regarding whether McElroy was entitled to a reasonable fee for her services as personal representative. Afterward, on September 10, 2013, the trial court entered a judgment (“the 2013 judgment”) finding that, although the Alabama Supreme Court had determined that McElroy was not entitled to a fee pursuant to § 43-2-848, “general rules of trust law permit a personal representative compensation in wrongful death actions.” The trial court went on to state:
“Based upon general equitable principles, quantum meruit, and/or pursuant to Alabama Code § 19-3B-708 (1975), Elizabeth McElroy should receive compensation for her services rendered relative to the non-probate creation and administration of a statutory trust. It would be unfair and inequitable for a personal representative and here, an attorney, to perform work for the benefit of others without compensation.”
The trial court then awarded McElroy a fee of $15,750 to compensate her for the services she had rendered as “personal representative, attorney, and statutory trustee of wrongful death proceeds.” The trial court also denied Rodgers’s motion seeking distribution of the $15,750 of the wrongful-death proceeds that had not yet been distributed. The balance of the *817 wrongful-death proceeds had already been distributed to Greene and Rodgers.
Rodgers appealed from the 2013 judgment.[2] McElroy sought to have the appeal dismissed, contending that White’s estate remained open and pending and, therefore, that the judgment was nonfinal. On March 4, 2014, this court reinvested the trial court with jurisdiction to certify the 2013 judgment as final, if appropriate, pursuant to Rule 54(b), Ala. R. Civ. P. The trial court determined that Rule 54(b) certification was appropriate, and it entered an order certifying the 2013 judgment as final on March 18, 2014. Accordingly, the 2013 judgment is now final for purposes of appeal.
On appeal, Rodgers contends that in Ex parte Rodgers, supra, our supreme court made clear that proceeds recovered from a wrongful-death claim must be distributed to the next of kin of the decedent and cannot be paid to the personal representative of an estate as compensation. Therefore, he says, the trial court erred in awarding McElroy a fee under any legal theory.
McElroy, on the other hand, asserts that our supreme court did not hold in Ex parte Rodgers that she was precluded from recovering reasonable compensation as a statutory trustee for the wrongful-death proceeds under § 19-3B-708, Ala.Code 1975, under general principles of trust law, or under other- legal and equitable theories that were not addressed in Rodgers’s petition for the writ of certiorari to our supreme court. In her brief to this court in this appeal, McElroy contends that,
“[ajlthough the issue was not before the Alabama Supreme Court in this case, Justice Bohn (in a special concurrence) confirmed that the recovery of wrongful death proceeds by a personal representative creates a statutory trust out of which the personal representative may be awarded without running afoul of § 43-2-848[, Ala.Code 1975].”
This issue presents this court with a question of law, which we review de novo.
“ ‘ “[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the court’s judgment carries no presumption of correctness.” Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996). Questions of law are reviewed de novo. BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co., 891 So.2d 310 (Ala.2004).’
“Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).”
Ex parte Terry, 957 So.2d 455, 457 (Ala. 2006).
As mentioned, in Ex parte Rodgers, supra, our supreme court granted certiorari *818 review “to determine the narrow question whether a personal representative may be compensated out of the proceeds recovered in a wrongful-death action.” Ex parte Rodgers, 141 So.3d at 10.42. In that case, our supreme court first parsed the language in § 4S-2-848(b), which provides for the compensation of a personal representative “for extraordinary services performed for the estate,” and § 6-5-410, one of Alabama’s wrongful-death statutes. It then wrote:
“Applying the rules of statutory construction, we conclude that § 43-2-848(b) does not entitle McElroy, the personal representative, to any fee from the wrongful-death proceeds because the recovery in the wrongful-death action was not for the estate. Alabama law mandates the payment of wrongful-death proceeds to the heirs of the deceased. The clear language of the wrongful-death statute provides that proceeds from a wrongful-death action ‘are not subject to the payment of the debts or liabilities’ of the decedent. § 6-5-410(c), Ala.Code 1975. There is no allowance in the wrongful-death statute for payment of expenses of the administration of the decedent’s estate, which would include personal-representative compensation. See § 43-2-371, Ala.Code 1975 (setting out the order of preference of debts against the estate).1 Under the combined effect of §§ 6-5-410 and 43-2-848(a) and (b), Ala.Code 1975, McElroy was not entitled to be paid from the proceeds of the wrongful-death recovery either reasonable compensation for her services or extraordinary compensation for her services.
[[Image here]]
“1 See Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 715-16 (Ala.2009). See also Baggett v. Sellers, 282 Ala. 235, 210 So.2d 796 (1968) (damages recovered as result of wrongful death must be distributed according to statute of distribution); Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965) (personal representative is conduit for collecting damages in a wrongful-death action and passing them over to those entitled under statute); Stephens v. Williams, 226 Ala. 534, 147 So. 608 (1933) (administratrix is statutory representative in a wrongful-death action, suing for sole benefit of beneficiaries named in statute); Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882 (1921) (distributees of decedent’s estate are sole beneficiaries of proceeds in a wrongful-death action); Kennedy v. Davis, 171 Ala. 609, 55 So. 104 (1911) (property right in damages collected in a wrongful-death action vested exclusively in distributees of intestate); Louisville & Nashville R.R. v. Street, 164 Ala. 155, 51 So. 306 (1909) (sum recovered as result of a wrongful death not asset of estate, not subject to decedent’s debts or liabilities, and sum recovered is distributable in accordance with our statute of distribution).”
Ex parte Rodgers, 141 So.3d at 1043.
Although McElroy relies on Justice Bo-hn’s special concurrence in Ex parte Rodgers to support her position that the trial court in this case was free to compensate her from the wrongful-death proceeds based on principles of trust law, she overlooks that part of the special writing in which Justice Bohn states that his proposed solution to the inequity that results in cases like this one is prospective. Justice Bohn wrote:
“Although I concur with the main opinion, I posit that the unjust result obtained for the personal representative in this case may well be avoided prospectively on the basis of the finding of a statutory trust in successful wrongful-death actions brought by the personal *819 representative, with reasonable and just compensation being fixed as trustee fees and paid from the trust res in those actions.”
Ex parte Rodgers, 141 So.3d at 1046 (Bolin, J., concurring specially) (emphasis added). To explain this possible solution, Justice Bolin analyzed the role of a personal representative in a wrongful-death action and applied general trust principles to recoveries made in such actions, concluding:
“Based on the foregoing, I conclude that Alabama’s wrongful-death statute, § 6-5-410, Ala.Code 1975, creates a ‘statutory trust’ in that it gives both the capacity and the right, and indeed even the obligation should a wrongful-death cause of action exist, solely to a decedent’s personal representative to bring a wrongful-death action on behalf of the decedent’s next of kin based on the death of the decedent by wrongful act. Although nothing in § 6-5-410 provides for a fair compensation to be paid to the personal representative for bringing such an action, neither does anything expressly prohibit a fair compensation from being paid to a personal representative who has successfully brought a wrongful-death action pursuant to that section, payable from the proceeds resulting therefrom. Thus, I submit that general rules of trust law should govern personal-representative compensation in wrongful-death actions, and either based upon equitable principles or pursuant to § 19-3B-708, Ala.Code 1975, the personal represéntative/quasi-trus-tee should be allowed to receive compensation for services relative to the non-probate administration of a statutory trust. Ex parte Taylor, 93 So.3d [118] at 118 [ (Ala.2012) ] (Murdock, J., concurring specially and stating that the personal representative acts as a quasi-trustee upon recovery in a wrongful-death action).”
Ex parte Rodgers, 141 So.3d at 1046 (Bolin, J., concurring specially).
The appeal in this case, however, is not taken from a judgment entered in a wrongful-death action. The wrongful-death action, which involved other parties, was settled before the judgment in this action was entered. Rodgers 1, 141 So.3d at 1031. This action began when Rodgers filed a petition in the Jefferson Probate Court seeking an order establishing that he had the right to inherit from White because, Rodgers said, he was White’s father. Greene contested Rodgers’s petition, and the matter was moved to the trial court. After a jury trial in October 2011, the jury returned a verdict finding that Rodgers was White’s father and, therefore, that he was entitled to inherit from White. On October 13, 2011, the trial court entered a judgment on that verdict and ruled that, in addition to being entitled to inherit from White under the laws of intestate succession, Rodgers also was entitled to a share of the proceeds of the wrongful-death action. Rodgers I, 141 So.3d at 1032.
This court concludes that nothing in Ex parte Rodgers allows the trial court to award McElroy a fee from the wrongful-death proceeds for her work as the personal representative of White’s estate. If McElroy was to be awarded a fee from the wrongful-death proceeds, the trust res from which such an award could have been paid should have been created by the court in the wrongful-death action against the driver of the other vehicle involved in the accident in which White was killed. The trial court in this action, which involves only issues arising out of the administration of White’s estate, did not have the authority to award McElroy a fee from the wrongful-death proceeds. See Ex parte Rodgers, supra. Accordingly, the judgment of the trial court awarding McElroy *820 a fee out of the wrongful-death proceeds to compensate her for her work as the personal representative of White’s estate must be reversed. Although the statutes applicable in this case require reversal of the trial court’s judgment, this court shares Justice Bolin’s belief, expressed in his special concurrence, that this outcome is “unfair and inequitable to the personal representative.” Ex parte Rodgers, 141 So.3d at 1044 (Bolin, J., concurring specially). Because we are reversing the judgment on this basis, we pretermit discussion of Rodgers’s other issues on appeal.
For the reasons set forth above, the judgment of the trial court is reversed and this cause is remanded for entry of a judgment consistent with this opinion. Rodgers’s request for an attorney fee on appeal, based on his belief that McElroy “per-suad[ed] the trial court to disobey the appellate mandate,” is denied.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. See Rodgers I, supra, for the factual background of this case.

. McElroy has filed a motion with this court to strike any arguments or claims Rodgers makes on behalf of Greene. Greene is not a party to this appeal. In fact, as the trial court noted in the 2013 judgment, Greene has never disputed that McElroy is entitled to compensation for her service as a personal representative, and Greene did not appeal from the original judgment of December 15, 2011. The general rule is that when a judgment is rendered against two defendants and only one defendant appeals, the judgment is valid against the nonappealing party. Glasscock v. Wallace, 488 So.2d 1346, 1347 (Ala.1986); see also J.A.P. v. L.W.A., 910 So.2d 115, 119-20 (Ala.Civ.App.2004)). Therefore, the December 15, 2011, judgment remains binding on Greene. Furthermore, Rodgers does not have standing to assert arguments on behalf of Greene. Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990) ("As a general rule, ‘a litigant may not claim standing to assert the rights of a third party.’ ”). To the extent Rodgers purports to make arguments on behalf of Greene in this appeal, McElroy’s motion to strike such arguments is granted.