Argued and submitted September 9, 2003, affirmed March 10, petition for review
denied June 15, 2004 (337 Or 160)

In the Matter of the Estate of
Michael Vernon Stanfield, Deceased.

Nicholas STANFIELD,
*Appellant,*

*v.*

Nora STANFIELD,
personal representative of Michael Vernon Stanfield,
*Respondent.*

00PB0034; A117576

86 P3d 77

David C. Force argued the cause and filed the briefs for appellant.

Steven Plinski argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Schuman, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■ Petitioner appeals from a probate court judgment that apportioned the proceeds of a wrongful death settlement, contending that the court erred in considering collateral sources in determining petitioner's share of the proceeds. Because this is a probate proceeding, our review is *de novo*. *Burk v. Burk*, 137 Or App 197, 199 n 1, 903 P2d 914 (1995). We affirm.

The facts are undisputed. The decedent was killed in a work-related accident in 2000. Petitioner is the decedent's son. He was 11 years old at the time of his father's death and had been living with his mother since his parents' 1990 divorce. The decedent had remarried and had adopted the son of his second wife, Nora. SAIF Corporation, the employer's insurer, paid death benefits to Nora and to petitioner.

Nora is the personal representative of the decedent's estate. She filed a wrongful death action on behalf of the estate and settled it for $300,000. After payment of attorney fees and SAIF's share of the proceeds, there remained $133,333 for distribution to the beneficiaries. Because the beneficiaries of the estate could not agree on the distribution of the settlement proceeds, petitioner filed a proceeding pursuant to ORS 30.040 for distribution of the settlement proceeds "by the probate court to each beneficiary in accordance with the beneficiary's loss."

The probate court divided the proceeds as follows: $119,333.33 to Nora, including $105,000 for her pecuniary loss and $14,333.33 for loss of society; $5,000 to the decedent's mother for loss of society; $5,000 to the adopted son for loss of society; and $4,000 to petitioner.

■ The only assignment of error relates to the probate court's determination of petitioner's pecuniary loss. Petitioner contends that the probate court erred in determining that petitioner had suffered no pecuniary loss from his father's death. The court based its decision on the fact that petitioner was receiving payments as a result of his father's death of approximately $1,700 per month from "collateral

sources," including a disability plan, social security, and workers' compensation. In petitioner's view, ORS 31.580[1] prohibited the probate court from taking those collateral sources into consideration in apportioning the settlement proceeds.

As an initial matter, we note that both parties put on evidence of collateral sources at the apportionment hearing, and petitioner did not argue that the probate court should disregard that evidence in determining petitioner's share of the proceeds. After the court had issued its letter opinion on apportionment, petitioner filed a motion for reconsideration, contending that the court should not take collateral sources into account. The court did not expressly rule on the motion before it issued its final judgment, but it is evident from the court's written opinion that it considered collateral sources in determining that petitioner had suffered no pecuniary loss. We will assume for purposes of this appeal that the collateral-source issue was preserved.

ORS 31.580 provides:

"(1)   In a civil action, *when a party is awarded damages* for bodily injury or death of a person which are to be paid by another party to the action, and the party awarded damages or person injured or deceased received benefits for the injury or death other than from the party who is to pay the damages, *the court may deduct from the amount of damages awarded, before the entry of a judgment,* the total amount of those collateral benefits *other than*:

"(a)   Benefits which the party awarded damages, the person injured or that person's estate is obligated to repay;

"(b)   Life insurance or other death benefits;

"(c)   Insurance benefits for which the person injured or deceased or members of that person's family paid premiums; and

"(d)   Retirement, disability and pension plan benefits, and federal social security benefits.

---

[1] The statute was renumbered in 2003 from ORS 18.580 and amended in a way that does not bear on our discussion.

"(2)    Evidence of the benefit described in subsection (1) of this section and the cost of obtaining it is not admissible at trial, but shall be received by the court by affidavit submitted after the verdict by any party to the action."

(Emphasis added.) In petitioner's view, there is no doubt that the collateral benefits that the probate court considered in apportioning the settlement proceeds are the type of benefits that may not be deducted from a damage award under ORS 31.580. He is likely correct on that point. However, ORS 31.580 describes the trial court's authority to reduce an *award* of damages against a tortfeasor *before judgment*. It has nothing to do with the distribution of settlement proceeds of a wrongful death claim under ORS 30.020 to 30.050.

ORS 30.020(2)(d) provides that, in an action for wrongful death, damages may be awarded in an amount that "justly, fairly and reasonably compensates the decedent's spouse, children, stepchildren, stepparents and parents for pecuniary loss and for loss of the society, companionship and services of the decedent."

When a wrongful death claim is settled, ORS 30.040 provides:

"Except when all beneficiaries otherwise agree, if settlement, with or without action, is effected and there is more than one beneficiary, the amount to be distributed to each beneficiary as recovery for loss described in ORS 30.020(2)(d) shall be apportioned by the probate court to each beneficiary in accordance with the beneficiary's loss."

There is no reference in ORS 30.040 either to ORS 31.580 or to the court's obligation, if any, to take into account or disregard collateral sources in apportioning wrongful-death settlement proceeds among beneficiaries in accordance with their losses. Thus, we reject petitioner's contention that the probate court erred as a matter of law in taking into consideration monetary benefits that petitioner received on account of his father's death.

■ Petitioner asks us to consider on *de novo* review whether the probate court's allocation of the settlement proceeds is an appropriate allocation. Petitioner's primary concern is the court's failure to allocate any portion of the settlement proceeds to petitioner for pecuniary loss. The evidence shows, however, that, taking collateral sources into consideration, petitioner is receiving more money each month for his support than he received before his father's death. In contrast, the evidence shows that collateral sources and the proceeds of the settlement are barely sufficient to compensate Nora for her pecuniary loss. We conclude, therefore, that the trial court made an appropriate allocation of the proceeds.

Affirmed.