Argued and submitted October 6, 2008, affirmed May 20, 2009

In the Matter of
the Estate of
Christopher L. Brown, Deceased.

Scott E. BROWN,
*Appellant,*

*v.*

Kathy Brown HACKNEY,
Personal Representative of the
Estate of Christopher L. Brown, Deceased,
*Respondent.*

Yamhill County Circuit Court
PR03085; A136409

208 P3d 988

James R. Cartwright argued the cause for appellant. On the brief were Brooks F. Cooper and Cartwright and Associates.

Theodore Sims argued the cause for respondent. With him on the brief was Sims & Sims.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals a judgment of final distribution arising out of a probate proceeding in which the court approved personal representative fees payable to defendant by the estate of Christopher Brown (the decedent) based on the proceeds of a wrongful death claim settlement. We review *de novo, Stanfield v. Stanfield,* 192 Or App 447, 449, 86 P3d 77, *rev den,* 337 Or 160 (2004), and affirm.

The facts are undisputed. The decedent died as a result of an automobile accident. The decedent died intestate and is survived by 10 siblings and half-siblings, including plaintiff (the decedent's brother) and defendant (the decedent's sister). The probate court appointed a personal representative for the decedent's estate and that personal representative commenced a wrongful death action against the driver and the passenger of the other automobile involved in the accident. *See* ORS 30.020 (providing that only the personal representative of a decedent's estate may bring a wrongful death action "for the benefit of," among other parties, the decedent's intestate successors).

During the administration of the decedent's estate, the probate court appointed defendant as successor personal representative. As successor personal representative, defendant petitioned the court to approve a settlement agreement regarding the wrongful death action.[1] After the probate court approved the terms of the settlement, defendant filed a final accounting and petition for general judgment of final distribution, closing the decedent's estate. *See* ORS 116.083 - 116.113 (describing final accounting and petition for final distribution procedures).

In the final accounting, defendant listed the proceeds of the wrongful death settlement, $238,333.34, and petitioned the court for "reasonable compensation in the sum of $5,200." Plaintiff objected to defendant's petition, arguing,

---

[1] ORS 30.070 provides, in part:

"The personal representative of the decedent, with the approval of the court of appointment, shall have full power to compromise and settle any claim of the class described in ORS 30.030, whether the claim is reduced to judgment or not, and to execute such releases and other instruments as may be necessary to satisfy and discharge the claim."

among other things, that defendant should not receive Personal Representative's compensation based on the amount of the wrongful death settlement.[2]

The general judgment of final distribution includes an explanation of the probate court's actions: "The Personal Representative is entitled to a fee for services rendered in the amount of $5,200.00, which includes her services in connection with the estate's prosecution of a wrongful death case." That judgment, in turn, is consistent with the oral findings of the court:

"I find that the wrongful death action proceeds are to be included in the compensation of the personal representative.

"I do find that the personal representative would have a substantially higher risk and more work to be done on the basis of the estate from a wrongful death action than they would on an estate without a wrongful death action.

"And where you have the wrongful death action, the complications and the liability of a personal representative is substantially greater. An individual has the right to turn down being a personal representative and there must be some basis for inducement of an individual of competent nature to be a personal representative.

"And that statutory scheme is the one that they stated is the fee schedule. And they break it down as the fee, as the estate goes up, the fee goes up. And similarly the liability would go up. And that's the only rational basis that I can see for why that fee is the way it is.

"Based on that argument and the arguments you stated as to why the personal representative would be compensated, I can't see any logical basis for the legislature to have drafted the statutes the way they have unless they intended that all of the things that the personal representative is responsible for marshalling and bringing together would be the basis for the fee."

---

[2] The issue on appeal is defendant's entitlement to personal representative fees based on the value of the wrongful death settlement. Plaintiff does not appeal the amount of the fee approved by the probate court, and we do not address that issue.

On appeal, plaintiff argues that the trial court erred in including the funds received in settlement of the wrongful death claim in its calculation of defendant's personal representative compensation. Plaintiff relies on ORS 116.173, the statute governing compensation to a personal representative, and, specifically, that statute's precept that a personal representative is to be paid a commission based only on the "whole estate," and argues that the statutory definition of "estate" does not include the value of a wrongful death settlement.

Defendant maintains that the court did not err when it approved defendant's personal representative's fees. First, defendant argues that the proceeds of the wrongful death settlement are property subject to the jurisdiction of the probate court and that, as a result, the court has jurisdiction to determine how those proceeds are distributed. Second, defendant asserts that the wrongful death statute expressly allows for the payment of fees incurred in the prosecution or enforcement of a wrongful death claim and that the fee paid to defendant as personal representative falls within that category.

Thus framed, the issue in this case is one of first impression: whether the legislature intended for the amount of a personal representative's compensation to be based on the proceeds from the settlement of a wrongful death action brought by that personal representative. In answering that question, we consider the probate code, specifically ORS 111.005 and ORS 116.173, in addition to portions of the wrongful death statutes, ORS 30.020 to 30.050.

■ The parties' arguments present a question of statutory construction that we resolve by initially examining the statutes' text and context. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Based on our review of the text and context of the relevant statutes, we conclude that a personal representative may be compensated based on the proceeds of a wrongful death settlement.

We start with ORS 116.173, which describes the procedures for compensating a personal representative. That statute provides, in part:

"(1)   Upon application to the court a personal representative is entitled to receive compensation for services as provided in this section. If there is more than one personal representative acting concurrently, the compensation shall not be increased, but may be divided among them as they agree or as the court may order. *The compensation is a commission upon the whole estate*, as follows:

"(a)   Upon the property *subject to the jurisdiction of the court*, including income and realized gains:

"(A)   Seven percent of any sum not exceeding $1,000.

"(B)   Four percent of all above $1,000 and not exceeding $10,000.

"(C)   Three percent of all above $10,000 and not exceeding $50,000.

"(D)   Two percent of all above $50,000.

"(b)   One percent of the property, exclusive of life insurance proceeds, *not subject to the jurisdiction of the court* but reportable for Oregon inheritance tax or federal estate tax purposes.

"(2)   In all cases, further compensation as is just and reasonable may be allowed by the court for any extraordinary and unusual services not ordinarily required of a personal representative in the performance of duties as a personal representative."[3]

(Emphasis added.) ORS 116.173(1) includes the threshold provision that the personal representative's commission is based on a decedent's "whole estate." Whether defendant's fee was authorized under ORS 116.173(1), then, depends on whether the proceeds of the wrongful death settlement are part of the decedent's "whole estate."

---

[3] UTCR 9.060(3) provides that

"[p]ersonal representative fees requested in excess of the statutory amounts provided in ORS 116.173(1) must be supported by affidavit setting out justification for the additional claimed amount."

In addition to the arguments described above, defendant asserts that she is entitled to a personal representative fee under ORS 116.173(2). However, defendant did not submit an affidavit, and we do not consider whether payment for her services as personal representative would have been appropriate under ORS 116.173(2).

We turn to the statutory definitions provided in the probate code, ORS chapter 111. Although the legislature did not define the phrase "whole estate," it did define the word "estate." ORS 111.005(15) provides that an estate is

> "the real and personal property of a decedent, as from time to time changed in form by sale, reinvestment or otherwise, and augmented by any accretions or additions thereto and substitutions therefor or diminished by any decreases and distributions therefrom."

" 'Real property' includes all legal and equitable interests in land, in fee and for life." ORS 111.005(28). " 'Personal property' includes all property other than real property." ORS 111.005(25). We understand from those definitions that, if the proceeds of a wrongful death claim settlement are included among the decedent's probate property, then the value of the settlement is, by definition, part of the decedent's probate estate.

■       Wrongful death settlement proceeds, however, are not part of a probate estate; wrongful death actions are brought not for the benefit of a decedent's estate, but rather for the benefit of those entitled to share in the proceeds. *See Hughes v. White*, 289 Or 13, 16, 609 P2d 365 (1980) ("We have said that the personal representative, when bringing an action for the wrongful death of [the] decedent, acts solely for the benefit of the persons entitled to share in its proceeds."); *see generally Mendez v. State of Oregon*, 64 Or App 581, 586-87, 669 P2d 364 (1983) (explaining that the 1973 amendments to the wrongful death statute eliminated language allowing for an action to be brought on behalf of the decedent's estate).

■       Nevertheless, our inquiry is not over. We note that a personal representative's compensation is based on a decedent's "whole estate" and that that term is different than the defined term "estate." When the legislature uses different terms in the same statute, we infer that it intended those terms to have different meanings. *State v. Guzek*, 322 Or 245, 265, 906 P2d 272 (1995). If the legislature had intended to limit a personal representative's compensation to only the value of a decedent's estate, as opposed to a decedent's whole estate, it would have used the term estate throughout the

probate code. In other words, if, in using the phrase "whole estate," the legislature meant that a personal representative's compensation could be based solely on the value of a decedent's probate "estate," then the word "whole" is superfluous. That construct would conflict with legislative directives that the office of the judge is to interpret statutes so as to give meaning to every word and that we shall not omit what has been inserted. ORS 174.010. Accordingly, the legislature's intent in conditioning a personal representative's compensation on a decedent's "whole estate" must mean something different than a decedent's probate "estate."

The legislature did not expressly define *whole estate* in the probate code; nevertheless, a thorough reading of ORS 116.173 demonstrates the legislature's intended meaning of that phrase. Paragraph (a) of ORS 116.173(1) describes the property on which a personal representative's fee is based. A personal representative's compensation is based "[u]pon the property *subject to the jurisdiction of the court.*" (Emphasis added.) The words of the statute evince the legislature's intent to compensate a personal representative for the value of all property that is subject to the probate court's jurisdiction.

Additionally, paragraph (b) of ORS 116.173(1) provides that a personal representative's compensation is based also on property *not* subject to the jurisdiction of the probate court. The legislature's inclusion of paragraph (b) is telling because it demonstrates that a decedent's *whole estate* is composed of all property both within the jurisdiction of the probate court as well as property outside the jurisdiction of the probate court.

■        The proceeds of a wrongful death settlement are subject to the jurisdiction of the probate court. ORS 30.040 provides:

> "[e]xcept when all beneficiaries otherwise agree, if settlement, with or without action, is effected and there is more than one beneficiary, the amount to be distributed to each beneficiary as recovery for loss described in ORS 30.020(2)(d) shall be apportioned *by the probate court* to each beneficiary in accordance with the beneficiary's loss."

(Emphasis added.) The meaning of ORS 30.040 is plain: The proceeds from a wrongful death settlement are part of the

decedent's whole estate and are subject to the jurisdiction of the probate court.

■ Finally, other portions of the wrongful death statute charge a personal representative with additional responsibilities. Only a personal representative of the decedent's estate may prosecute a wrongful death suit for the benefit of the decedent's survivors or intestate successors. ORS 30.020. Moreover, it is the personal representative who is responsible for distributing the wrongful death settlement proceeds including, but not limited to, satisfying debts incurred in prosecuting the claim and distributing the remainder of the settlement proceeds to decedent's intestate successors. ORS 30.030. Accordingly, the court did not err when it awarded defendant personal representative fees based on the value of the wrongful death settlement.

Affirmed.