On petitioner's petition for reconsideration filed January 30, 2009, of Appellate Commissioner's order of dismissal filed June 26, 2008, reconsideration allowed; prior order adhered to September 23, 2009

REX LEE LARSEN,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A136135

219 P3d 28

Before Wollheim, Presiding Judge, and Schuman, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

■ Petitioner seeks reconsideration of the Appellate Commissioner's order dismissing his petition for judicial review of an order by respondent Board of Parole and Post-Prison Supervision. In 2002, petitioner requested that the board conduct a murder review hearing under ORS 163.105(3) (1977).[1] The board ultimately denied relief.[2] Petitioner requested administrative review of that decision and then, before the board acted on that request, filed the petition for judicial review at issue here. The board moved to dismiss the petition for judicial review, and the commissioner granted the board's motion on the ground that petitioner had not exhausted his administrative remedies as required by ORS 144.335(1)(b). Petitioner now seeks reconsideration of the commissioner's order. We conclude that the commissioner correctly dismissed the petition for judicial review.

■ Petitioner asserts that the board's decision in a murder review hearing held pursuant to ORS 163.105 is subject to judicial review under ORS 183.480 and ORS 183.482 of the Administrative Procedures Act (APA), rather than ORS 144.335. Petitioner notes that ORS 163.105(3) governs the murder review and requires that the "proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.500 * * *." Petitioner

---

[1] ORS 163.105 was enacted in 1977. Or Laws 1977, ch 370, § 2. It has been amended a number of times since then. Because petitioner committed the crime underlying this case in 1978, the substantive provisions of the 1977 version of the statute apply. However, the procedural provisions that were in effect when petitioner requested the murder review hearing in 2002 govern the procedures. *See Alexander v. Board of Parole*, 205 Or App 443, 134 P3d 1055, *rev den*, 341 Or 449 (2006) (applying substantive criteria for parole release provided in the version of the statute in effect at the time of the petitioner's crime; applying procedural requirements in effect at the time of the hearing). For present purposes, that distinction is of no moment, because the material provisions were substantively the same at both times, although, by 2002, subsection (3) had been renumbered as subsection (2). Or Laws 1985, ch 3, § 1. In determining the legislature's intent as to whether judicial review is to be governed by the Administrative Procedures Act or ORS 144.335, we look to the 1977 version of ORS 163.105 and its context. Because the primary question in this case is which statute governs judicial review, all references to ORS 163.105 in this opinion are to the 1977 version.

[2] The board initially held a hearing that did not comport with the manner prescribed for a contested case hearing. *See Larsen v. Board of Parole*, 206 Or App 353, 365, 138 P3d 16 (2006). Petitioner sought judicial review, and we remanded for a new hearing. *Id.*

argues that a proceeding under the APA includes the judicial review provision in ORS 183.482—which does not require exhaustion of administrative remedies—and, thus, that it was not necessary for him to seek administrative review under ORS 144.335(1) before seeking judicial review.

ORS 144.335(1)(b) provides that a person over whom the board exercises its jurisdiction may seek judicial review of a final order of the board if the person "has exhausted administrative review as provided by board rule." The rule adopted by the board, OAR 255-080-0001(2), provides that administrative review is exhausted when the board "denies review, or grants review and either denies or grants relief." In other words, administrative review is not exhausted until the board acts on the request for review.

■    ORS 163.105, the statute governing murder review hearings, provides that its provisions apply "[n]otwithstanding the provisions of ORS chapter 144 * * *." That clause does not mean, however, that every provision in ORS chapter 144 is inapplicable in matters related to murder review hearings. The "notwithstanding" clause simply means that, to the extent that ORS 163.105 and ORS chapter 144 contain conflicting provisions, the former controls. *Severy v. Board of Parole*, 318 Or 172, 178, 864 P2d 368 (1993). In other words, the provision of ORS chapter 144 provides the governing laws unless ORS 163.105 provides a different law.

■    Petitioner contends that ORS 163.105(3) governs judicial review and, thus, that ORS 144.335 does not apply. To determine the legislature's intent in enacting ORS 163.105(3), we first look to the text of the statute in context. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). ORS 163.105(3) provides that, following a conviction for aggravated murder, after a minimum period of confinement has passed, the board,

> "upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. The proceeding shall be conducted in the manner prescribed for a contested

case hearing under ORS 183.310 to 183.500 [with certain
exceptions that are not at issue here]."

Petitioner first argues that, because ORS 163.105(3)
refers to "ORS 183.310 to 183.500," all of the statutes encom-
passed within that range apply to murder review hearings,
including the judicial review statutes, ORS 183.480 and ORS
183.482. We disagree. In 1977, the year ORS 163.105 was
enacted, ORS 183.310 to 183.500 comprised all of ORS chap-
ter 183—that is, the entire APA. The legislature appears to
have used the wording "ORS 183.310 to 183.500" to refer to
the APA generically, rather than to signify that every statute
therein applies to murder review hearings. Indeed, a number
of the statutes in the APA had nothing to do with contested
case hearings and thus would have had no application in a
proceeding "conducted in the manner prescribed for a con-
tested case hearing." *See, e.g.*, ORS 183.330 - 183.390 (gov-
erning administrative agency rulemaking); ORS 183.484
(providing for judicial review of orders in "other than con-
tested cases").

■        Perhaps most telling is ORS 183.500 (1977),
*amended by* Or Laws 2003, ch 576, § 394, the last statute in
the 1977 version of the APA, which is specifically referred to
in ORS 163.105(3). It provided, "Any party to the proceedings
before the circuit court may appeal from the decree of that
court to the Court of Appeals. Such appeal shall be taken in
the manner provided by law for appeals from the circuit court
in suits in equity." The only proceedings before the circuit
court that arose out of the APA concerned "orders other than
contested cases." ORS 183.484 (1977). Thus, that statute had
no application to murder review hearings. It follows that the
legislature did not intend that every provision of the APA
would apply in murder review hearings.

We turn, then, to whether the judicial review provi-
sions in the APA specifically do apply. As noted, ORS
163.105(3) provides, "The proceeding shall be conducted in
the manner prescribed for a contested case hearing under
ORS 183.310 to 183.500 * * *." Petitioner contends that the
word "proceeding" must be construed broadly to include judi-
cial review. In *Icenhower v. SAIF*, 180 Or App 297, 302, 43
P3d 431 (2002), we observed that the term "proceeding" can

refer either to the entire course of litigation or to individual steps within that process. We look to the context in which the word appears to determine which meaning the legislature intended.

In this instance, petitioner points out that ORS 163.105(3) provides that the board "shall hold a *hearing* to determine if the prisoner is likely to be rehabilitated within a reasonable period of time" but that "[t]he *proceeding* shall be conducted in the manner prescribed for a contested case hearing * * *." (Emphasis added.) He contends that the use of two different words—"hearing" and "proceeding"—is significant. In his view, if the legislature had intended that only the hearing itself would be conducted in the manner prescribed by the APA, it would have used the word "hearing" throughout the statute. Thus, he argues, the word "proceeding" must be understood to mean something other than just the hearing.

■ At first blush, petitioner's argument is not without appeal. Ordinarily, "[w]hen the legislature uses different terms in the same statute, we infer that it intended those terms to have different meanings." *Brown v. Hackney*, 228 Or App 441, 447, 208 P3d 988 (2009). That is not always the case, however. *See Abbott v. Baldwin*, 178 Or App 289, 297, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002) (noting that "the legislature has used the terms 'prosecution' and 'criminal action' interchangeably" in the statutes related to time limitations in criminal actions). Petitioner's argument is problematic because his reading of ORS 163.105(3) ignores the second appearance of the word "hearing" in the statute: "The proceeding shall be conducted in the manner prescribed for a contested case *hearing* under ORS 183.310 to 183.500 * * *." (Emphasis added.)

Judicial review is not part of a contested case *hearing*. As we have previously noted,

> "the 'manner prescribed for a contested case hearing' derived from specific statutes setting out those requirements, that is, the requirements for contested case hearings set out in ORS 183.310 to 183.500. In 1977, the statutes within that range of citations that pertained to contested case proceedings consisted of ORS 183.415 (notice, hearing,

and record requirements), ORS 183.418 (interpreters for the disabled in contested cases), ORS 183.425 (depositions and subpoenas of material witnesses), ORS 183.440 (subpoenas generally), ORS 183.450 (rules of evidence in contested cases), ORS 183.460 (examination of the evidence in contested cases), and ORS 183.470 (orders in contested cases). Apparently, the legislature intended those statutes to apply to aggravated murder review hearings; they were the specific statutes to which the legislature collectively referred in describing what it meant by a hearing in the 'manner prescribed for a contested case hearing.' "

*Larsen v. Board of Parole*, 206 Or App 353, 360, 138 P3d 16 (2006). Thus, the statutes that prescribe the manner for a contested case hearing do not include the provisions governing judicial review. To conclude otherwise would read the word "hearing" out of the last sentence in ORS 163.105(3), which we may not do. *See* ORS 174.010 (in construing a statute, a court may not "omit what has been inserted"). It follows that the APA statutes governing judicial review do not apply.[3]

Because ORS 163.105 does not create a conflict with the judicial review provision in ORS 144.335, the latter statute applies. The Appellate Commissioner did not err in ordering dismissal of the petition for judicial review on that ground.

■ Petitioner makes other arguments in support of his position that judicial review should proceed in this case. We reject those arguments without discussion, with the following exception: Petitioner contends that applying the current version of ORS 144.335 violates due process as well as the prohibition of *ex post facto* legislation. Petitioner asserts that the current version of ORS 144.335 and the rules adopted thereunder impose no time limit by which the board must decide a request for administrative review. Petitioner contends that, without a time limit, the board could forever decline to decide a request for administrative review, thereby

---

[3] In *Morgan v. MacLaren School*, 23 Or App 546, 548, 543 P2d 304 (1975), we held that, "[u]nder the terms of ORS 183.480(2)[,] administrative orders arising from 'contested cases' must be appealed directly to this court for judicial review." Because we conclude that, in this context, ORS 183.480 does not apply, *Morgan* is inapposite here.

denying an offender the opportunity to seek judicial review and the possibility of obtaining release on parole if the board's decision were reversed on judicial review. By contrast, the version of ORS 144.335 in effect in 1978, the time of petitioner's underlying crime, did not require administrative review at all, so a prisoner could seek judicial review of the board's decision in a murder review hearing as soon as the final order was issued.

The flaw in petitioner's argument is this: In *Taylor v. Board of Parole*, 200 Or App 514, 521, 115 P3d 256, *rev den*, 339 Or 475 (2005), we held that the board may not, by "protracted inaction," preclude judicial review of its orders. We stated that,

> "consistently with the exhaustion policy of ORS 144.335(1), this court has jurisdiction over a board order when the board, through protracted inaction, has unreasonably failed to resolve a request for administrative review of that order. In such a circumstance, administrative review might be so frustrated by neglect or inaction as to be futile."

*Id.* (footnote omitted). Thus, even under the current version of ORS 144.335(1), the time within which the board must decide a request for administrative review is not limitless. We observe that the passage of time between petitioner's request for administrative review and his petition for judicial review in this case is even shorter than the passage of time in *Taylor*, in which we dismissed judicial review. Accordingly, we reject petitioner's *ex post facto* and due process arguments.

Reconsideration allowed; prior order adhered to.