MAIN, Justice.
Following an automobile accident in which Ron’Drequez Cortez White was killed by a drunk driver, Elizabeth McEl-roy, who was the county administrator for Jefferson County and who, as such, was *1040 appointed to serve as the personal representative of White’s estate, hired an attorney to file a wrongful-death action against the drunk driver, pursuant to § 6-5-410, Ala.Code 1975. The wrongful-death action resulted in a recovery, and, following litigation on the issue of the personal-representative’s fee, the Jefferson Circuit Court awarded McElroy a fee from the wrongful-death proceeds. Samuel Rodgers, White’s father, contended in the litigation below that, as personal representative, McElroy was not entitled to be compensated for her services from the recovery in the wrongful-death action. Rodgers appealed the circuit court’s judgment awarding McElroy a fee to the Court of Civil Appeals. The Court of Civil Appeals affirmed. This Court granted certiorari review to determine the narrow question whether a personal representative may be compensated out of the proceeds recovered in a wrongful-death action. We reverse and remand.

I. Facts and Procedural History

The factual background and procedural history of this case are set forth in the Court of Civil Appeals’ opinion:
“The record indicates the following. In July 2009, White was killed in a motor-vehicle accident caused by a drunk driver. White, who was 20 years old at the time of the accident, died intestate. On February 4, 2010, McElroy, the county administrator for Jefferson County, filed a petition in the Jefferson County Probate Court (‘the probate court’) seeking to administer White’s estate. The probate court appointed McElroy to serve as personal representative of White’s estate, and it granted her letters of administration. McElroy posted the $50,000 bond required by law. On April 7, 2010, McElroy filed an inventory of White’s estate, which she determined had no assets. She also identified White’s mother, Sandey Greene, as White’s only known heir.
“As part of her duties as personal representative, McElroy hired John Stamps, an attorney who already represented Greene, to pursue a wrongful-death action in connection with White’s death. Stamps was able to reach a settlement of $150,000 with White’s under-insured-motorist insurance carrier without having to file a lawsuit. He did, however, file a wrongful-death action against Tony Ferrell and Edna Ferrell. The Ferrells’ liability-insurance carrier settled for $25,000. Ultimately, a judgment of $300,000 was entered against Tony Ferrell.
“Meanwhile, on June 18, 2010, Samuel Rodgers filed a petition in the probate court seeking an order establishing that he had the right to inherit from White because, Rodgers said, he was White’s father. Greene contested Rodgers’s petition, and the matter was moved to the Jefferson Circuit Court (‘the trial court’). After a jury trial in October 2011, the jury returned a verdict finding that Rodgers was White’s father and, therefore, that he was entitled to inherit from White. On October 13, 2011, the trial court entered a judgment on the verdict and ruled that, in addition to being entitled to inherit from White under the laws of intestate succession, Rodgers also was entitled to a distribution of the wrongful-death proceeds.
“Rodgers immediately filed a motion asking that the trial court order McEl-roy to release the wrongful-death proceeds that had been collected. In his motion, Rodgers contended that McEl-roy was not entitled to be compensated for her services as personal representative from the wrongful-death proceeds. McElroy objected, and the matter was litigated. After a hearing, the trial court entered an order finding that *1041 McElroy was entitled to compensation for her services as personal representative and awarded her $15,750, which equaled 9% of the total of $175,000 in wrongful-death proceeds that had been collected. The balance of the proceeds was divided evenly between Greene and Rodgers. Rodgers appealed.”
Rodgers v. McElroy, 141 So.8d 1030, 1031-32 (Ala.Civ.App.2012) (footnotes omitted).
The Court of Civil Appeals affirmed the circuit court’s judgment. It concluded that “the trial court did not abuse its discretion in awarding McElroy a fee for her services as the personal representative in this case and that the fee was properly awarded from the proceeds derived from the wrongful-death claim that arose from White’s death.” 141 So.3d at 1037. In his petition for a writ of certiorari, Rodgers contends that this case presents a question of first impression. See Rule 39(a)(1)(C), Ala. R.App. P.

II. Standard of Review

The standard of review on a petition for a writ of certiorari is well settled.
‘“In reviewing a decision of the Court of Civil Appeals on a petition for a writ of certiorari, this Court “accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).’
“Ex parte Exxon Mobil Corp., 926 So.2d 303, 308 (Ala.2005).”
Ex parte Folsom, 42 So.3d 732, 736 (Ala.2009).
Additionally, because this case involves the interpretation of statutes, this Court’s inquiry is governed by settled principles of statutory construction.
“When interpreting a statute, a court must first give effect to the intent of the legislature. BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052 (Ala.1996).
“ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).’
“Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction. Ex parte Waddail, 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided. Ex parte Meeks, 682 So.2d 423 (Ala.1996).”
City of Bessemer v. McClain, 957 So.2d 1061, 1074-75 (Ala.2006). “When a court construes a statute, ‘[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’ ” Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). As we have repeatedly stated, the function of this Court is “ ‘to say what the law is, not *1042 to say what it should be.’ ” Ex parte Achenbach, 788 So.2d 4, 7 (Ala.2000) (quoting DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998)).

III. Analysis

Resolution of the question whether a personal representative may be compensated out of the proceeds recovered in a wrongful-death action requires analysis of the wrongful-death statute and the personal-representative-compensation statute. See §§ 6-5-410 and 4S-2-848(a) and (b), Ala.Code 1975. Alabama’s wrongful-death statute provides that “[a] personal representative may commence an action and recover ... damages ... for the wrongful act, omission, or negligence of any person ... whereby the death of the ... intestate was caused, provided the ... intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.” § 6-5-410(a), Ala.Code 1975. “The purpose of Alabama’s wrongful-death statute is the protection of human life and the prevention of homicides by wrongful act, omission, or negligence of persons or corporations. Mattison v. Kirk, 497 So.2d 120 (Ala.1986).” Golden Gate Nat’l Senior Care, LLC v. Roser, 94 So.3d 365, 365 (Ala.2012) (Bolin, J., concurring specially).
Further, regarding damages recovered in a wrongful-death action the wrongful-death statute provides, in pertinent part: “The damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions.” § 6-5-410(c), Ala.Code 1975. This Court has repeatedly held that, under Alabama law, the proceeds collected as a result of a wrongful-death claim are not part of the decedent’s estate. Golden Gate Nat’l Senior Care, supra; Ex parte Taylor, 93 So.3d 118, 118 (Ala.2012) (Murdock, J., concurring specially); Wood v. Wayman, 47 So.3d 1212, 1216 (Ala.2010); Steele v. Steele, 623 So.2d 1140, 1141 (Ala.1993). Justice Murdock’s special concurrence in Ex parte Taylor, supra, discusses the role delegated to the personal representative under the wrongful-death statute; however, particularly relevant to this case, it explains the proper distribution of proceeds recovered in a wrongful-death action:
“[T]he proceeds from the settlement of the wrongful-death claim that arose out of Newman’s death are not a part of Newman’s estate. See, e.g., Steele v. Steele, 623 So.2d 1140, 1141 (Ala.1993) (‘[Djamages awarded pursuant to [§ 6-5-410] ... are not part of the decedent’s estate.’).
“This Court has long recognized that,
“ ‘[i]n prosecuting [wrongful-death] actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy....’
“Hatas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761 (1965); see also Steele [v. Steele], 623 So.2d at 1141 (noting that the ‘personal representative ... act[s] as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages’). ‘Upon a recovery, [the personal representative] acts as a quasi trustee for those who are entitled thereto under the statute of distribution. Such damages are not subject to admin *1043 istration and do not become part of the deceased’s estate.’ United States Fid. & Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 155, 274 So.2d 615, 621 (1973).”
93 So.3d at 119.
The statute governing compensation for a personal representative, § 43-2-848(a), provides that “[a] personal representative is entitled to reasonable compensation for services as may appear to the court to be fair....” However, § 43-2-848(a) provides that a fee for ordinary services should not exceed “two and one-half percent of the value of all property received and under the possession and control of the personal representative and two and one-half percent of all disbursements.” (Emphasis added.) Regarding compensation for extraordinary services, § 43-2-848(b), Ala.Code 1975, provides that over and above fees for ordinary services, “the court may allow a reasonable compensation for extraordinary services performed for the estate.” (Emphasis added.) These two statutes are the exclusive statutory authorizations for determining a personal representative’s compensation.
In this case, the circuit court awarded McElroy compensation from proceeds of the wrongful-death recovery for “extraordinary services” rendered as personal representative of the estate. See § 43-2-848(b), Ala.Code 1975. Applying the rules of statutory construction, we conclude that § 43-2-848(b) does not entitle McElroy, the personal representative, to any fee from the wrongful-death proceeds because the recovery in the wrongful-death action was not for the estate. Alabama law mandates the payment of wrongful-death proceeds to the heirs of the deceased. The clear language of the wrongful-death statute provides that proceeds from a wrongful-death action “are not subject to the payment of the debts or liabilities” of the decedent. § 6-5-410(c), Ala.Code 1975. There is no allowance in the wrongful-death statute for payment of expenses of the administration of the decedent’s estate, which would include personal-representative compensation. See § 43-2-371, Ala.Code 1975 (setting out the order of preference of debts against the estate).[1] Under the combined effect of §§ 6-5^10 and 43-2-848(a) and (b), Ala. Code 1975, McElroy was not entitled to be paid from the proceeds of the wrongful-death recovery either reasonable compensation for her services or extraordinary compensation for her services.

IV. Conclusion

Based on the foregoing, we conclude that McElroy was not entitled to compensation out of the proceeds of the wrongful-death recovery for her services as personal representative and that the circuit court *1044 exceeded its discretion in awarding McEl-roy compensation out of that recovery. We reverse the Court of Civil Appeals’ judgment and remand the cause to the Court of Civil Appeals for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, PARKER, and MURDOCK, JJ., concur.
BOLIN, J., concurs specially.
WISE, J., dissents.
BRYAN, J., recuses himself.

. See Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 715-16 (Ala.2009). See also Baggett v. Sellers, 282 Ala. 235, 210 So.2d 796 (1968) (damages recovered as result of wrongful death must be distributed according to statute of distribution); Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965) (personal representative is conduit for collecting damages in a wrongful-death action and passing them over to those entitled under statute); Stephens v. Williams, 226 Ala. 534, 147 So. 608 (1933) (administratrix is statutory representative in a wrongful-death action, suing for sole benefit of beneficiaries named in statute); Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882 (1921) (distributees of decedent’s estate are sole beneficiaries of proceeds in a wrongful-death action); Kennedy v. Davis, 171 Ala. 609, 55 So. 104 (1911) (property right in damages collected in a wrongful-death action vested exclusively in distributees of intestate); Louisville & Nashville R.R. v. Street, 164 Ala. 155, 51 So. 306 (1909) (sum recovered as result of a wrongful death not asset of estate, not subject to decedent’s debts or liabilities, and sum recovered is distributable in accordance with our statute of distribution).