BOLIN, Justice
(concurring specially in case no. 1130403).
I note initially that I concur with this Court’s main opinion, including its conclusion that the omitted heirs’ cross-appeal be treated as a petition for a writ of mandamus because the probate court’s November 25, 2013, order was not a judgment subject to certification of finality under *649 Rule 54(b), Ala. R. Civ. P.; the question of a court’s subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.
Moreover, as a former probate judge, I am experienced and familiar with the interplay of opening a decedent’s estate in the probate court for the primary purpose of allowing a personal representative to file a wrongful-death claim in the' circuit court. Although I concur fully with this Court’s main opinion — vacating the probate court’s orders based on that court’s lack of subject-matter jurisdiction to oversee the distribution of the wrongful-death-settlement proceeds — I write specially to note that on July 11,: 2011, when the learned probate judge appointed Bessie Kirksey as the administrator ad litem for the purpose of gathering “information to investigate a wrongful death claim,” the judge was informed generally by this Court’s decision in Affinity Hospital, L.L.C. v. Williford, 21 So.3d 712 (Ala.2009) (holding that the probate court’s order appointing an administrator ad litem to investigate a possible wrongful-death action on behalf of the deceased patient’s estate also granted administrator ad litem the authority to file such an action). As demonstrated in the present opinion, this Court has subsequently, and more narrowly, construed the plain wording of § 6-5-410, Ala.Code 1975, to recognize a personal representative as the proper party to initiate a wrongful-death action. It is my judgment that Affinity Hospital, by improperly allowing an administrator ad li-tem (again, appointed by the probate court for a specific purpose) to pursue a wrongful-death action, blurred the distinction between the probate court’s role and the circuit court’s role in wrongful-death actions, because it is the probate court that generally monitors the actions of its own appointees. The confusion created was exacerbated by the fact that it is the probate court where heirship is usually determined, although the beneficiary recipients (heirs at law of the decedent pursuant to the statute of distributions) of damages as a result of a circuit court wrongful-death action are one and the same. It is my judgment that the above combined to substantially create much of the ensuing uncertainty as to whether the probate court here had any oversight of, or, put a better way, jurisdiction to judicially supervise the safeguarding and proper disbursement of, the corpus created by a successful wrongful-death action.
Whether justified or not, the confusion in this area of estate/wrongful-death law has caused this Court to ultimately remove any doubt by delineating that a probate court’s jurisdiction, in overseeing matters concerning the administration of an estate, does not include those matters pertaining to the settlement or the distribution of the proceeds of a wrongful-death action, because such proceeds are not part of the decedent’s estate. See, e.g., Ex parte Taylor, 93 So.3d 118 (Ala.2012), in which Justice Murdock wrote specially to discuss the role delegated to a personal representative by § 6-5-410, Ala.Code 1975, and the proper distribution of proceeds derived from a wrongful-death action, when the probate court has issued an order concerning the distribution of those proceeds; Golden Gate Nat’l Senior Care, LLC v. Roser, 94 So.3d 365 (Ala.2012), a case in which I concurred specially to express my judgment that a wrongful-death action may be instituted only by a personal representative, and not by an administrator ad litem, referencing Justice Murdock’s special writing in Ex parte Taylor explaining the role of a personal representative in the context of a wrongful-death action; Ex parte Rodgers, 141 So.3d 1038, 1042 (Ala.2013), another case in which I concurred specially and referenced Justice Murdock’s special writing in Ex parte Taylor; and, finally, Ex parte Wilson, 139 So.3d 161 (Ala.2013), in which I concurred specially *650 regarding the inability of an administrator ad litem to initiate a wrongful-death action when the question of the capacity of the administrator ad litem to bring such an action is properly and timely presented to the trial court.
It is always easy to state what the law is, or what a trial court should or should not have properly done, with the cool reflection afforded an appellate court. I write specially to note, however, that when the probate judge appointed an administrator ad litem on July 11, 2011, he was acting in conformity with this Court’s precedent in Affinity Hospital, which empowered a probate court appointee to institute a wrongful-death proceeding without there being in existence a decedent’s estate or a properly appointed personal representative. Although the subsequent responsibility for the proper conduct of a wrongful-death action should have been borne by the circuit court, the probate judge in this proceeding did not have the benefit of the above-cited and later released special writings, none of which was controlling precedent, as the probate court noted in its November 25, 2013, order.
In conclusion, it is no surprise to me that the probate court cautiously intervened and the instant scenario occurred, given (1) that the probate court, in appointing the administrator ad litem, was guided by this Court’s decision in Affinity Hospital; (2) that the administrator ad litem appointed by the probate court was empowered to litigate a wrongful-death action to a jury verdict or effectuate a settlement of potentially a large corpus of funds, despite the fact that there was no estate proceeding determining heirship and, in contravention of § 6-5-410, Ala.Code 1975, had been no appointment of a personal representative; and (3) that, most importantly, the probate judge was bound by section C of the Compliance provision of the Canons of Judicial Ethics pertaining to probate judges, which states that “[a] probate judge should consider himself the conservator of all estates under his jurisdiction.” “Compliance with the Canons of Judicial Ethics,” following Canon 7, Canons of Judicial Ethics. Although there was no “estate” before the probate judge as referred to in the Canon, there was certainly the appointment of a party who, given the state of the law, could create a corpus of funds payable to heirs — as close to a decedent’s intestate estate as is possible without the actual création thereof.