**[Cite as *In re Estate of Oburn*, 2025-Ohio-2706.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN THE MATTER OF THE ESTATE OF     :
MORRIS OBURN, DECEASED     :

    :    C.A. No. 30325

    :

    :    Trial Court Case No. 2023 EST 00777

    :

    :    (Appeal from Common Pleas Court –
    :    Probate Division)

    :

    :    **FINAL ENTRY**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 1, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30325

W. MICHAEL CONWAY, Attorney for Appellant

TUCKER, J.

{¶ 1} Estate administrator Corrie L. Brock appeals from the trial court's judgment overruling her objections and adopting a magistrate's decision that partially denied her application to approve settlement and distribution of proceeds from a wrongful-death claim.

{¶ 2} Brock contends the trial court erred in denying her application insofar as she requested a fiduciary fee of $2,400 for her role in the settlement and administration of the wrongful-death claim. She argues that she was entitled to the fee under R.C. 2113.35(A) and that nothing in Montgomery County's local probate court rules precluded her from receiving it.

{¶ 3} Even if Brock was entitled to a fee under R.C. 2113.35(A), we conclude that the trial court properly denied her request. The decedent's estate had no assets from which to pay the fee, and wrongful-death settlement proceeds are for the exclusive benefit of statutory beneficiaries. Because the decedent's estate was insolvent and nothing in the wrongful-death statute entitled Brock to a portion of the settlement proceeds, she has failed to identity any source of funds from which to receive a fiduciary fee. Accordingly, the trial court's judgment is affirmed.

**I. Background**

{¶ 4} In April 2023, the trial court appointed Brock as administrator of the estate of decedent Morris Oburn. The following month, she filed an inventory stating that the only

asset in the decedent's estate was intangible personal property valued at $60,000. An accompanying schedule of assets identified the property as proceeds from the settlement of a wrongful-death claim. Brock later filed a March 18, 2024 application to approve the settlement and distribution of the proceeds. Among other things, the application requested that $2,400 of the proceeds be distributed to her as reasonable compensation for her fiduciary services as estate administrator. In support, Brock cited R.C. 2113.35, which authorizes fiduciary fees for executors and administrators based on the asset value involved. For assets valued at $100,000 or less, the statutory fiduciary fee is four percent.

{¶ 5} In addition to acting as estate administrator, Brock also served as an attorney for the estate. In conjunction with her application to approve the wrongful-death settlement, Brock filed a March 14, 2024 waiver of "ordinary attorney fees" but requested "extraordinary attorney fees" of $660 for her work as counsel for the estate. In support, she cited her preparation of various documents related to the wrongful-death settlement and distribution. While waiving "ordinary attorney fees for opening the Decedent's Estate," Brock claimed that the services supporting the request for extraordinary fees were "necessary and beneficial" to the estate beneficiaries. Brock reported three hours of legal work at a rate of $220 per hour.

{¶ 6} Following a short hearing, the magistrate approved payment of $660 in extraordinary attorney fees to Brock as attorney for the estate. The magistrate also largely approved administrator Brock's proposed settlement and distribution of the proceeds of the wrongful-death claim. Regarding Brock's request for a $2,400 fiduciary fee under R.C. 2113.35, however, the magistrate denied approval, reasoning:

The Fiduciary, Corrie L. Brock, filed a Fiduciary Fee Computation [R.C. 2113.35] on March 14, 2023 basing her request of fees in the amount of $2,400 on asset values in this estate. The undersigned Magistrate finds that the $60,000.00 settlement is allocated to the wrongful death claim and therefore is not an estate asset. The Fiduciary submitted no additional evidence or testimony to prove why she would be entitled to fiduciary fees associated with the wrongful death action.

{¶ 7} Brock objected to the magistrate's decision. She argued that R.C. 2113.35 allowed estate executors and administrators to be compensated based on the value of all property they receive and for which they provide an accounting, regardless of whether the property qualified as "estate property" or an estate asset. The trial court overruled Brock's objections in a November 15, 2024 judgment entry and order. It rejected her reliance on R.C. 2113.35, reasoning:

> The fiduciary's request relies on an incorrect reading of Ohio Revised Code section 2113.35. This statute outlines the conditions for fiduciary fees in managing estate assets.
>
> Under R.C. 2113.35(A), fiduciaries are entitled to fees based on "personal property" within the estate or proceeds from the sale of real property that the fiduciary "receives and accounts for." The statute's language is limited to estate assets—those belonging to the decedent and distributed according to their will or intestacy laws.
>
> . . .

Ohio law treats wrongful death proceeds as separate from estate assets. . . . Wrongful death funds are distributed directly to statutory beneficiaries and do not become part of the estate. Thus, wrongful death proceeds are not "personal property received and accounted for" by the fiduciary in the manner prescribed by R.C. 3113.35. Instead, the fiduciary's role is procedural—ensuring the proper allocation to beneficiaries as required by law—without incurring additional compensation rights. The Court finds that the fiduciary's interpretation improperly attempts to expand R.C. 2113.35 beyond its statutory scope.

While the fiduciary is required to report the distribution of wrongful death proceeds to the Court, this procedural responsibility does not equate to receiving estate property. Reporting wrongful death allocations is necessary for compliance with Court oversight but does not alter the funds' classification as non-estate assets. Consequently, the fiduciary's duties in this instance do not meet the statutory criteria for additional fiduciary compensation.

{¶ 8} In addition to finding Brock's fiduciary-fee request improper under R.C. 2113.35(A), the trial court denied it for a second reason as well. It held that a local probate-court rule, Mont. Co. P.C.R. 71.1(E), prohibits a person who is serving in a dual capacity as estate fiduciary and attorney for the estate from receiving a fiduciary fee and attorney fees without providing an itemized application distinguishing the services performed in each role.   The trial court reasoned:

. . . The fiduciary's request for fees as an estate administrator disregards this rule's specific limitations and the requirement for a clear distinction between roles. No such separation was demonstrated or otherwise presented by the fiduciary, as the fiduciary failed to file any itemized account that would have differentiated her duties between the estate's attorney and the estate's fiduciary. Although perhaps not the case, the attorney fees for the wrongful death were paid in full and probate courts view administrative filings as part of the wrongful death.

Counsel and Fiduciary [filed] (and apparently the Magistrate approved) the inventory showing $60,000.00 that flowed through the estate as an estate asset. *See* Schedule of Assets, docketed May 31, 2023. That amount should have been $0.00, as all monies were presented as wrongful death proceeds, and flowed outside of the probate estate. Attorney Brock is attempting to seek payment from $60,000.00 flowing through the estate and $60,000.00 flowing as wrongful death proceeds, outside of the estate—all without justification and contrary to the Local Rules.

{¶ 9} Brock appealed from the trial court's judgment entry and order denying her request for a fiduciary fee under R.C. 2113.35(A). On April 25, 2025, we ordered her to file a supplemental brief within 14 days identifying the source of the requested compensation. We noted that the decedent's estate had no assets and that wrongful-death settlement proceeds were for the exclusive benefit of statutory beneficiaries. Under these circumstances, we questioned how Brock could receive a fiduciary fee even if R.C.

2113.35(A) authorized it. Brock responded to our order and submitted a supplemental brief addressing the source of funds for her requested fiduciary fee. Accordingly, we will proceed to the merits of her appeal.

## II. Analysis

{¶ 10} Brock's sole assignment of error states:

The Probate Court erred in disallowing fiduciary fees in this wrongful death case.

{¶ 11} Brock argues that R.C. 2113.35(A) does entitle an estate administrator to a fiduciary fee for administering the settlement of a wrongful-death claim and distributing the proceeds. She also asserts that Mont. Co. P.C.R. 71.1(E) is "irrelevant" and that it does not prohibit her receipt of a fiduciary fee.

{¶ 12} Prior to January 13, 2012, R.C. 2113.35(A) authorized estate executors and administrators to be compensated based "upon the amount of all the personal estate . . . that is received and accounted for by them[.]" Effective January 13, 2012, the statute now provides that estate executors and administrators "shall be allowed fees upon the amount of all the personal property . . . that is received and accounted for by them[.]"

{¶ 13} In the proceedings below, Brock initially listed the $60,000 wrongful-death settlement as an estate asset of the decedent. She now acknowledges that wrongful-death proceeds are not an estate asset. Rather, "wrongful death proceeds are recovered for exclusive distribution to those beneficiaries designated as such under the Wrongful Death Act and form no part of the decedent's estate." *Brookbank v. Gray*, 74 Ohio St.3d

279, 285 (1996).

{¶ 14} Citing R.C. 2113.35(A), as amended, Brock nevertheless contends she is entitled to a fiduciary fee on the wrongful-death settlement because she received and accounted for the proceeds in her capacity as administrator in the above-captioned probate case. She argues that the fee authorized by R.C. 2113.35(A) need not be predicated on estate assets. She maintains that it may be based on non-estate assets administered in a probate case. Although the wrongful-death proceeds were not part the decedent's estate, Brock was required to account for the $60,000 in the probate case and to obtain the probate court's approval for the proceeds to be distributed. That being so, she reasons that the settlement proceeds constituted personal property "received and accounted for" by her under R.C. 2113.35(A), entitling her to a four-percent fiduciary fee of $2,400.

{¶ 15} Because the decedent's estate had no assets, Brock's fiduciary-fee application requested payment of the $2,400 out of the wrongful-death settlement proceeds. But a wrongful-death action " 'is for the exclusive benefit of the beneficiaries listed in R.C. 2125.02 and is meant to cover pecuniary and emotional loss suffered by those beneficiaries as a result of the death.' " *In re Estate of Craig*, 89 Ohio App.3d 80, 84 (12th Dist. 1993), quoting *In re Estate of Ross*, 1989 WL 143206, *2 (11th Dist. Nov. 24, 1989). "Settlement funds recovered by the personal representative in a wrongful death action [are] for exclusive distribution to the statutory beneficiaries[.]" *Id*. at 85. Under R.C. 2125.03(A)(1), the amount received by a personal representative in a wrongful-death action "shall" be distributed to designated statutory beneficiaries. The only exception

authorizes the personal representative to pay the decedent's "funeral and burial expenses" out of the wrongful-death proceeds. R.C. 2125.03(B). We recognize that the law firm hired to pursue the wrongful-death claim in this case also was entitled to a 40-percent contingent fee out of the $60,000 settlement proceeds. But that fee was payable as a contractual obligation. We see nothing in the wrongful-death statute entitling a personal representative to a share of the wrongful-death proceeds.

{¶ 16} During oral argument on Brock's appeal, her counsel suggested that the four-percent fiduciary fee was payable as a contractual obligation, much like the 40-percent contingent fee payable to the law firm in the wrongful-death case. Counsel asserted that the decedent's relatives had waived their right to administer the estate, electing instead to hire Brock to do the job. Although no written contract existed, counsel maintained that Brock had a contractual right to be compensated for the work she performed. If the decedent's relatives in fact privately agreed to pay Brock for her work, they remain free to do so. But this case does not involve a contractual dispute between Brock and the decedent's relatives. The issue here is whether wrongful-death settlement proceeds directly may be used to pay Brock a four-percent fiduciary fee under R.C. 2113.35(A).

{¶ 17} In short, the decedent's estate had no assets from which to pay Brock a four-percent fiduciary fee, and the wrongful-death statute did not entitle her to a portion of the settlement proceeds. Therefore, even if Brock might be entitled to a fiduciary fee under R.C. 2113.35(A) because the proceeds were "received and accounted for" by her as administrator of the decedent's estate, such compensation necessarily would need to

come from estate assets, which do not exist.

{¶ 18} In opposition to the foregoing conclusion, Brock first raises a "fairness" argument. She contends fairness dictates that she be compensated for her work administering the wrongful-death claim and that such compensation should come from the wrongful-death funds. In support, she notes that the trial court authorized other expenses to be paid out of the wrongful-death settlement—including court costs, postage, delivery, and extraordinary attorney fees—without any direct statutory authorization for such payments. Brock reasons that her fiduciary fee should not be treated differently. She also reiterates her argument that the January 13, 2012 amendment to R.C. 2113.35(A) entitled her to a statutory fee on all personal property received and accounted for by her. She asserts that "R.C. 2113.35(A), to make practical sense and to avoid an absurd and unreasonable result, must be read to apportion fiduciary fees for wrongful death funds separately from probate estate funds, charging each group of beneficiaries for services rendered by the fiduciary."

{¶ 19} Upon review, we find Brock's arguments to be unpersuasive. Even if fairness dictates that she be compensated for her work on the wrongful-death claim, R.C. 2125.03(A)(1) dictates that the amount received by a personal representative in a wrongful-death action "shall" be distributed to designated statutory beneficiaries. We see nothing in the wrongful-death statute entitling Brock to any portion of the wrongful-death proceeds. We also see nothing in R.C. 2113.35(A), as amended effective January 13, 2012, entitling Brock to be compensated out of the wrongful-death settlement.

{¶ 20} At most, R.C. 2113.35(A) arguably entitled Brock to a four-percent fiduciary

fee for administering the wrongful-death claim because the settlement proceeds constituted personal property "received and accounted for" by her. If Brock's reading of R.C. 2113.35(A) is correct, the statute permits estate executors and administrators to be paid a statutory fee based on the amount of all personal property received and accounted for by them, regardless of whether that property qualifies as an estate asset.

{¶ 21} Contrary to Brock's argument, however, we see nothing in R.C. 2113.35(A) indicating that it allows the fee it authorizes to be paid from wrongful-death settlement proceeds, rather than estate assets, in direct contravention of R.C. 2125.03(A)(1), which mandates that the amount received by a personal representative in a wrongful-death action "shall" be distributed to designated statutory beneficiaries. We decline to authorize Brock's four-percent fiduciary fee to be paid out of the wrongful-death settlement proceeds simply because the trial court allowed other expenses to be paid of out of the settlement proceeds without any statutory authority.

{¶ 22} Finally, we note that the Alabama Supreme Court addressed a similar situation in *Ex parte Rodgers*, 141 So.3d 1038 (2013), holding that a personal representative was not entitled to compensation from the proceeds of a wrongful-death recovery for her work performed as a personal representative. Under Alabama law, the personal representative was entitled to a fee equaling "two and one-half percent of the value of all property received and under the possession and control of the personal representative and two and one-half percent of all disbursements." Alabama law also entitled the personal representative to "reasonable compensation for extraordinary services performed for the estate." *Id*. at 1043.

{¶ 23} Even though the personal representative in *Rodgers* received and accounted for wrongful-death proceeds, the Alabama Supreme Court recognized that the funds were not part of the estate. *Id*. at 1042. The *Rodgers* court also observed that Alabama law required the proceeds to be paid to designated beneficiaries and that there was "no allowance in the wrongful-death statute for payment of expenses of the administration of the decedent's estate, which would include personal-representative compensation." *Id*. at 1043. Although Brock argues that the Alabama statutes differed from R.C. 2113.35(A), *Rodgers* is analogous to the present case insofar as it recognized that wrongful-death proceeds could not be used to pay for a personal representative's services as administrator of a decedent's estate.

{¶ 24} Brock cites *Brown v. Hackney*, 208 P.3d 988 (Or. App. 2009), in support of her fee request. The issue in *Brown* was whether the calculation of a personal representative's fee for administering a decedent's estate should include the value of a wrongful-death settlement. The question on appeal was whether the trial court had "erred in including the funds received in settlement of the wrongful death claim in its calculation of defendant's personal representative compensation." *Id*. at 990. As a matter of first impression, the Oregon court of appeals held that the representative's compensation should be based on the value of the decedent's "whole estate," which included the wrongful-death settlement proceeds. *Id*. at 991-992.

{¶ 25} In the present case, of course, we have assumed arguendo that R.C. 2113.35(A) entitled Brock to a four-percent fiduciary fee for administering the wrongful-death claim because the settlement proceeds constituted personal property "received and

accounted for" by her. Even if she is entitled to that fee, our specific concern is the source of the requested compensation. As set forth above, Ohio's wrongful-death statute required the settlement proceeds to be paid to designated statutory beneficiaries, and we see nothing in R.C. 2113.35(A) authorizing the trial court to raid the wrongful-death settlement to pay Brock a fiduciary fee. Therefore, even if R.C. 2113.35(A) authorized her fee request, she has not identified any available source of funds from which to pay it. For the foregoing reasons, we see no error in the trial court's denial of Brock's application for a $2,400 fiduciary fee. The assignment of error is overruled.

### III. Conclusion

{¶ 26} The trial court's November 15, 2024 judgment entry overruling Brock's objections and adopting the magistrate's decision is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.